## SALT LAKE HARDWARE CO. v. NEILSON LAND & WATER CO.

No. 2503. Decided August 16, 1913 (134 Pac. 911).

1. APPEAL AND ERROR—SETTING ASIDE—DISCRETION. An order denying a motion to set aside a judgment rendered on a hearing in defendant's absence, and to grant a new trial on alleged grounds

of mistake, inadvertence, surprise, or excusable neglect, cannot be interfered with on appeal, unless an abuse of discretion is shown.[1]  (Page 410.)

2. JUDGMENT—REVIEW—DISCRETION OF TRIAL COURT—ABUSE—SETTING ASIDE—JUDGMENT. Facts *held* not to show an abuse of discretion, in denying a motion to set aside a judgment rendered on a hearing in defendant's absence, and to grant a new trial on alleged grounds of mistake, inadvertence, surprise, or excusable neglect, so as to authorize interference with the order. (Page 410.)

APPEAL from District Court, Third District; *Hon. T. D. Lewis,* Judge.

Action by Salt Lake Hardware Company against Neilson Land & Water Company.

From an adverse order defendant appeals.

AFFIRMED.

*G. M. Sullivan* for appellant.

*Dey, Hoppaugh & Fabian* for respondent.

STRAUP, J.

The appellant by this appeal complains of a ruling denying his motion to set aside a judgment rendered on a hearing in its absence, and to grant a new trial.

The showing made is this:

The suit was commenced and the judgment rendered in Salt Lake County. In the early proceedings the defendant was represented by an attorney residing in Sanpete County. He had filed a demurrer to the complaint, which by consent was overruled. He then filed an answer putting the case at issue. Owing to duties of a public nature, the attorney was unable to fully take care of the defendant's interest, and thereupon, and on the 1st of October, 1912, the defendant,

---

[1] Cutler v. Haycock, 32 Utah, 356, 90 Pac. 897.

through its president, who owned and held a majority of the capital stock of the defendant, employed an attorney at Salt Lake to assist in the case, if called for trial. On the next day the Salt Lake attorney notified plaintiff's attorneys, who also resided in Salt Lake, that he had been retained as local and associate counsel for the defendant, and that all notices be served on him. The receipt of this notice was acknowledged by writing, in which plaintiff's attorneys stated that the demurrer had been overruled, and an answer filed. They further stated:

"We may want to reply to the answer. Our time has expired; but, if we find it necessary to do so, we presume we shall have your permission, provided it does not in any way interfere with your preparation of the case. The case has not yet been set for trial."

The letter was written October 4th. The Salt Lake attorney for the defendant and plaintiff's attorneys were friendly, and had theretofore in other cases granted each other permission to file pleadings out of time, and the former, believing, as he deposed, that a reply would be filed before the case was called for trial, relied on the latter giving him notice when the case was set for trial, though neither an express nor an implied promise to do so was made, nor is it made to appear that they otherwise were so obligated. By reason of this, and also because the president of the defendant at the time of the employment of the Salt Lake attorney told him that the case probably would be compromised and settled, the Salt Lake attorney, being employed only as associate and local counsel to assist in the case, if called for trial, did not give the matter the attention he otherwise would have given it. No reply was filed.

So the matter stood until the 1st of January, 1913, when the case, on a previous posted notice in the clerk's office of the setting of cases, was set for trial on the 7th of March following. On that day the plaintiff appeared with its witnesses ready for trial. Neither the defendant nor either of its attorneys appeared. The case was called; the plaintiff made its proof and took judgment in accordance with its complaint.

On the same day a cost bill, without service, was filed by plaintiff. Five days thereafter an execution was issued and served on the defendant's president. Then on the 20th of March a motion was made by the defendant, supported by affidavits, to vacate the judgment, and to grant a new trial. The Salt Lake attorney deposed that neither he nor the defendant, nor any of its agents or officers, had any knowledge or notice of the setting of the case for trial. The agents and officers of the plaintiff, and who were familiar with the matters in controversy, and who had charge of them on plaintiff's behalf, deposed that the second week in January, and after the case had been set for trial, and they notified thereof, they, in a conversation with the president of the defendant, informed him that the case "was to be tried, and that the same would be pushed to judgment, and that, if he intended to settle the account, he had better do so at once so that said action could be dismissed before the time for trial, and that he replied he would see them in a few days;" that prior thereto, on other occasions, and after the suit had been commenced, they told the defendant's president that, unless satisfactory arrangements of the account were made, "the case would be pushed to trial and judgment;" and that in neither of the interviews did the president indicate "that he expected to contest said case, but, on the contrary, at all times led them to believe that he would not contest the trial of said action." These depositions are not disputed. It was further made to appear "that the plaintiff was protected by an insurance policy in the collection of all judgments which it then had, but that said insurance policy expired on the 15th of March."

Before the motion for a new trial was made, the Salt Lake attorney asked plaintiff's attorneys and its agents, heretofore referred to, to consent to a setting aside of the judgment and to the granting of a new trial, and stated that if they would do so the case could be tried in a few days. They declined "unless the defendant would assure the plaintiff that such judgment as might be rendered would be paid, and that the plaintiff would be placed in the same position as

it was prior to the trial of said case," and "that the debtor's situation would not change meanwhile, and that the rights of the plaintiff would not be jeopardized by attaching creditors." This the Salt Lake attorney was not authorized to do, and declined. It was further deposed "that the defendant had numerous creditors who were threatening attachment and other legal proceedings, and that in case said judgment was vacated the plaintiff would lose the benefit of its insurance, and in addition thereto run the risk of the assets of the defendant company being transferred or being applied by other creditors." This, also, was not controverted. And when the motion for a new trial was presented and argued, counsel for plaintiff again stated to defendant's counsel:

"If you are willing to put us back where we were before judgment, we are willing, as a matter of accommodation, to open this case up and try it."

The only reply was:

"The difference between now and next Wednesday (when defendant's counsel stated he would be ready for trial, if a new trial were granted) is not going to put your people in any materially different position, so far as the assets of the defendant are concerned."

The court ruled that the showing made to vacate the judgment and to grant a new trial was insufficient, and on that ground denied the motion.

The rule in this jurisdiction is that we are not justified in interfering with and setting aside such an order as this, denying relief on alleged grounds of mistake, **1, 2** inadvertence, surprise, or excusable neglect, unless an abuse of discretion is shown. (*Cutler v. Haycock,* 32 Utah, 356, 90 Pac. 897.) We think no such abuse has been shown. The judgment of the court below is therefore affirmed, with costs.

McCARTY, C. J., and FRICK, J., concur.