[Civ. No. 13884.  Second Dist., Div. Three.  May 25, 1943.]

O. W. COOPER et al., Respondents, v. AMANDA DEON, Appellant.

Michael Rudolph and David P. Hatch for Appellant.

Willis O. Tyler and Clarence A. Jones for Respondents.

BISHOP, J. pro tem.—The defendant appeals from (1) an order denying her motion to set aside a default judgment, taken against her in a quiet title action, and her motion to permit her to answer, and (2) from an order denying her a continuance in order that she might file "reply affidavits as to new matters" set up in plaintiffs' counteraffidavits. ▮ The latter is not an appealable order, but may be reviewed on the appeal from the order denying the defendant relief from her default.

▮ In support of her motion the defendant filed two affidavits, her own and that of her physician. They offer as excuses for her disregard of the summons and complaint admittedly served upon her on November 12, 1941, the claims that she

was suffering with a condition which rendered her inactive and frequently kept her in bed; that she was in bed when served; that she was unable to read; and that she did nothing about the papers served upon her because in reply to her inquiry, ''What is the paper for,'' plaintiffs' attorney, who served the summons, replied that he would be back and talk to her about it, which he did not do. She, therefore, believed that a prior conversation with one of the plaintiffs and their attorney had convinced them that they had no case.

Plaintiffs' affidavits flatly contradict those of the defendant except that they do not refute her claim that she was ill and that at times she may stay in bed and they may leave in doubt her inability to read. She was out attending her chickens when served, was advised that if she contemplated resisting the quiet title action she should consult a lawyer, to which she replied that there was nothing she need do about it, and she did nothing about it for over six months, almost six months from the entry of her default.

In the premises the conflict in the affidavits was a problem for the trial court, not for this court, to resolve (*Estate of McCarthy*, (1937) 23 Cal.App.2d 398, 401 [73 P.2d 914], and cases cited) and there appears no abuse of discretion in denying the motion to relieve the defendant from the consequences of her default. (*Weinberger* v. *Manning*, (1942) 50 Cal.App. 2d 494 [123 P.2d 531].) Nor does an abuse of discretion appear in the trial court's order denying a continuance to give the defendant an opportunity to meet any new matters in plaintiff's counteraffidavits. Were the new matters successfully answered the ''old'' matters would still have remained, warranting a denial of her motion to set the default and default judgment aside.

The appeal from the order denying defendant a continuance is dismissed; the order denying her relief from her default is affirmed.

Shinn, Acting P. J., and Wood (Parker), J., concurred,