## WARREN v. DIXON RANCH CO. et al.

No. 7848.  Decided Aug. 13, 1953.  (260 P. 2d 741.)

See 49 C. J. S., Judgments, sec. 281. Vacation of default judgment for omission of attorney. 31 Am. Jur., Judgments, sec. 748; 164 A. L. R. 541.

*Clyde & Mecham, Robert C. Gibson,* Salt Lake City, for appellants.

*Hugh W. Colton, Colton & Hammond,* Vernal, for respondent.

*Dean W. Sheffield, Salt Lake City,* for respondent.

McDONOUGH, Justice.

Appellants seek to have the lower court's refusal to vacate a default judgment taken against them by the respondent reversed on the grounds of excusable neglect.

The suit was one to quiet title. On May 26, 1951, appellant Arnold Dixon was served with process individually and as a director and trustee of the Dixon Ranch Company, a Utah corporation whose charter was suspended in 1934. He failed to answer or to notify the stockholders of the pending suit, and default was entered against him and the company on July 11th. Appellant Paul Dixon, one of about 20 stockholders, first received notice of the litigation on August 15th, through publication of summons upon J. G. Brown, another defendant. He immediately employed an attorney and an answer and counterclaim to the property was filed on September 13th, in the name of Dixon Ranch Company. This was 90 days after answer was due and

64 days after default had been entered. Appellants claim that the trial court abused its discretion in not granting their motion to vacate the judgment and urge that excusable neglect was shown by affidavit presented at the hearing of the motion in (1) a promise made by respondent's attorney that appellants could have a longer time in which to answer, (2) the illness of Arnold Dixon at the time of service, and (3) that the stockholders received no notice of the action in time to defend their interests.

The allowance of a vacation of judgment is a creature of equity designed to relieve against harshness of enforcing a judgment, which may occur through procedural difficulties, the wrongs of the opposing party, or misfortunes which prevent the presentation of a claim or defense. Rule 60 (b) of the Utah Rules of Civil Procedure outlines the situations wherein a party may be relieved from a final judgment, among which is mistake, inadvertence, surprise, or excusable neglect claimed here by the appellant. Equity considers factors which may be irrelevant in actions at law, such as the unfairness of a party's conduct, his delay in bringing or continuing the action, the hardship in granting or denying relief. Although an equity court no longer has complete discretion in granting or denying relief it may exercise wide judicial discretion in weighing the factors of fairness and public convenience, and this court on appeal will reverse the trial court only where an abuse of this discretion is clearly shown. *Salt Lake Hardware Co.* v. *Nielson Land & Water Co.*, 43 Utah 406, 134 P. 911; *McWhirter* v. *Donaldson*, 36 Utah 293, 104 P. 731.

The difficulty facing the trial court upon a motion to vacate the judgment lies in the fact that a compromise between two valid considerations must be selected. A rule which would permit the re-opening of cases previously decided because of error or ignorance during the progress of the trial would in a large measure

vitiate the effects of res judicata and create a hardship to the successful litigant in causing him to prosecute his action more than once and possibly lose the ability to collect his judgment; on the other hand, the court is anxious to protect the losing party who has not had the opportunity to present his claim or defense. Discretion must be exercised in furtherance of justice and the court will incline toward granting relief in a doubtful case to the end that the party may have a hearing. *Hurdy* v. *Ford*, 74 Utah 46, 276 P. 908. However, the movant must show that he has used due diligence and that he was prevented from appearing by circumstances over which he had no control. *Peterson* v. *Crosier*, 29 Utah 235, 81 P. 860.

Appellants offer an affidavit by their former attorney stating that he received an oral promise from respondent's attorney to the effect that he would be allowed a longer time in which to file his answer. Relief in such instances is granted not because the other party was fraudulent but because complainant was deprived of his chance to present his case by the conduct of the other party whether or not the conduct was consciously wrongful. In this case, appellants were deprived of nothing by the alleged promise inasmuch as the default judgment had been entered against them a month before the employment of the attorney. Such a promise, if given, could in no way bind a client who already had a judgment. *McWhirter* v. *Donaldson*, supra.

The second showing of excusable neglect submitted by appellants is an affidavit by Paul Dixon to the effect that Arnold Dixon, upon whom personal service was made, is and has been seriously ill and did not notify the interested parties. We are not told the nature of the illness and it does not appear that appellant Arnold Dixon was so incapacitated that he could not have called an attorney to have his rights and the rights of the corporation protected. *Peterson* v. *Crosier*, supra. Illness alone

is not sufficient to make neglect in defending one's action excusable. *Cooper* v. *Deon,* 58 Cal.App.2d 789, 137 P.2d 733.

A basic requirement of an action which can lead to a valid judgment is that a procedure should be adopted which in the normal case will give to the parties an opportunity for a fair trial which is reasonable in view of the particular type of case. If this requirement is met, a judgment awarded in an action is not void merely because the particular individual against whom it was rendered did not in fact have an opportunity to present his claim or defense. *Restatement of Judgments* § 118. And although a judgment may be erroneous and inequitable, equitable relief will not be granted to a party thereto on the sole ground that the negligence of the attorney, agent, trustee or other representative of the present complainant prevented a fair trial. *Restatement of Judgments,* §126.

The judgment entered in this case was rendered against the assets of the corporation. Rule 4(e)(4) of the Utah Rules of Civil Procedure provides that personal service upon a corporation may be made by delivering a copy thereof to an officer, a managing or general agent. 16-1-2, U.C.A.1953 states that a corporation whose franchise has expired may continue for the purpose of winding up its affairs and may sue or be sued; 16-7-8 provides that the authority of an agent of the corporation continues until formally revoked. Hence, service upon Arnold Dixon gave jurisdiction over the dissolved corporation and it is of no significance that he states in his affidavit that he has never been authorized by the charter or by-laws or by court appointment to act as agent for the stockholders; he was the proper process agent for the corporation under the law.

To hold that Paul Dixon and the other stockholders could now insist that they have a *right* to have the case reopened since they personally received no notice of the action would be to undermine the Rules,

which are positive in their application and are designed to expedite litigation.

In order for this court to overturn the discretion of the lower court in refusing to vacate a valid judgment, the requirements of public policy demand more than a mere statement that a person did not have his day in court when full oportunity for a fair hearing was afforded to him or his legal representative. Appellant cites in his brief two instances where this court reversed the trial court's ruling denying vacation of the judgment. In *Hurd* v. *Ford*[1] the reversal was based upon these considerations: a motion to make more definite had been filed within the time for answering, the default judgment for attorney's fees had been entered on an unliquidated amount and no evidence of a reasonable fee had been taken, and further, the court acted beyond its power in requiring plaintiff to turn over documents in her possession as a condition for vacating the judgment. In *Cutler* v. *Haycock*,[2] a case decided in 1907, this court reversed the trial court because it felt that in determining not to set aside the judgment the trial court had *not* exercised its discretion because of a misinterpretation of *Peterson* v. *Crosier*,[3] and would otherwise have granted the motion inasmuch as plaintiff had used every possible means to present his defense but was prevented by the physical difficulties of communication in a sparsely-settled county.

Appellants' conduct is not entirely inexcusable and the trial court could have, in its discretion, set aside the judgment; but, on the other hand, respondent and the trial court were justified in believing that appellants had abandoned their defense. The rule that the courts will incline towards granting relief to a party who

---

[1] 74 Utah 46, 276 P. 908.
[2] 32 Utah 354, 90 P. 897.
[3] 29 Utah 235, 81 P. 860.

has not had opportunity to present his case is ordinarily applied at the trial court level, and this court will not reverse the trial court where it appears (as here, from the memorandum decision which is a part of the record) that all elements were considered, merely because the motion could have been granted. This court will not substitute its discretion for that of the trial court in a case such as this.

Concluding as we do that there was no abuse of discretion on the part of the trial court, it becomes unnecessary to consider the question of whether or not appellant had a meritorious defense. The judgment of the lower court is affirmed. Costs to respondent.

WOLFE, C. J., and CROCKETT, HENRIOD and WADE, JJ., concur.