376 P.2d 951

**E. J. MAYHEW, Plaintiff and Respondent,**

**v.**

**STANDARD GILSONITE COMPANY, a Corporation, Defendant and Appellant.**

**BEAVER DAM SALES COMPANY, a Partnership, Plaintiff and Respondent,**

**v.**

**STANDARD GILSONITE COMPANY, a Corporation, Defendant and Appellant.**

Nos. 9652, 9653.

Supreme Court of Utah.

Dec. 7, 1962.

10. State in Interest of K——— B———, footnote four above.

Beaslin, Nygaard & Coke, Salt Lake City, for appellant.

Moyle & Moyle and Hardin A. Whitney, Salt Lake City, for respondent.

CROCKETT, Justice.

This appeal reviews the denial of motions to set aside default judgments based on Rule 60(b) U.R.C.P., the pertinent part of which is:

> "On motion and upon such terms as are just, the court may in the further-ance of justice relieve a party * * * from a final judgment * * * for the following reasons: (1) mistake, *in-advertence,* surprise, or *excusable neg-lect* * * *. The motion shall be made * * * not more than 3 months after the judgment * * * was entered * * *. (Emphasis add-ed.)

It is undoubtedly correct that the trial court is endowed with considerable latitude of discretion in granting or deny-ing such motions.[1] However, it is also true that the court cannot act arbitrarily in that regard, but should be generally indulgent to-ward permitting full inquiry and knowl-edge of disputes so they can be settled ad-visedly and in conformity with law and justice. To clamp a judgment rigidly and irrevocably on a party without a hearing is

---

1. See statements in Ney v. Harrison, 5 Utah 2d 217, 220, 299 P.2d 1114, 1116 (1956); Warren v. Dixon Ranch Co., 123 Utah 416, 422, 260 P.2d 741, 744 (1953); Utah Commercial & Savings Bank v. Trumbo, 17 Utah 198, 207, 53 P. 1033, 1036 (1898).

obviously a harsh and oppressive thing. It is fundamental in our system of justice that each party to a controversy should be afforded an opportunity to present his side of the case. For that reason it is quite uniformly regarded as an abuse of discretion to refuse to vacate a default judgment where there is reasonable justification or excuse for the defendant's failure to appear, and timely application is made to set it aside.[2]

Beaver Dam Sales Company first commenced its action by filing a complaint against defendant Standard Gilsonite Company on December 21, 1961. On January 30, 1962, it filed an amended complaint and a complaint was also filed on behalf of E. J. Mayhew, one of the Beaver Dam partners, against the defendant. On February 1, 1962, the process server left summonses with R. J. Pinder (president) or (ex-president), as the case may be, of defendant Standard Gilsonite Company. Pinder told him that he was no longer associated with the company. Nevertheless return of service was made and the judgments in question are based thereon. In view of the conclusion we have reached, as indicated below, and the fact that those representing the corporation now desire only to plead to the merits, it is not necessary for us to resolve the dispute between the parties as to whether by service on Pinder jurisdiction was acquired over the defendant corporation.

It is important to keep in mind that we are not here concerned with the rights of R. J. Pinder personally, but with those of stockholders in the corporation who seek an opportunity to assert their rights and protect their interests. Significant facts which have a bearing on whether they should be permitted to do so are these: for some time prior to the commencement of this action the defendant corporation had fallen on evil days and was in financial distress; and its affairs were in a state of disorder, if not outright confusion. Arising out of that situation, Mr. Pinder had on January 18, 1962, a few days prior to the alleged service of summons, sent notices of his resignation as president to the only two remaining directors of the corporation, and to others having a substantial interest therein. It is represented that there was at that time no active management functioning; and that, except for Pinder, who insisted he had resigned and would not assume such responsibility, there was no one with authority to give orders or to commit the corporation; that there were no officers or directors legally qualified in the State of Utah; that the corporation had approximately 3,000 stockholders, most of whom resided outside of the state; that in order to get together to protect rights and conserve

2. See Bylund v. Crook, 60 Utah 285, 288, 208 P. 504, 505 (1922).

assets it was necessary for them to communicate with each other.

A group of stockholders attempted to form a reorganization committee and first contacted a firm of attorneys for that purpose on February 16, 1962. They were able to sufficiently accomplish their purpose to justify the employment of counsel to act for them by February 23, 1962. It is to be noted that this was the first day that a default could have been taken against the defendant. The summons having been served on February 1, it had until and including February 21 in which to appear; and February 22 was a holiday. On the forenoon of February 23 the newly engaged defendant's attorneys called plaintiffs' counsel and asked to be given an opportunity to answer. The request was refused and counsel were advised that defaults had already been taken that day. Defense attorneys immediately on that date prepared and filed motions to set aside the default judgments. The motions were later, by permission of the court, supplemented by affidavits setting out the above facts and claiming meritorious defenses. We are persuaded that those facts show excusable neglect by the parties desiring to defend these actions and that they moved with dispatch to have the defaults set aside.

The situation is patently one of the very kind for which Rule 60(b) was designed to grant relief. Accordingly, it is our conclusion that the interests of justice require that the motions to set aside the default judgments be granted and an opportunity afforded defendant to litigate its rights. It is so ordered. Costs to defendant (appellant).

WADE, C. J., and McDONOUGH, HENRIOD and CALLISTER, JJ., concur.