384 P.2d 806

**BOARD OF EDUCATION OF the GRANITE SCHOOL DISTRICT, a statutory corporation, Plaintiff and Respondent,**

**v.**

**Rex H. COX and Wilmina Cox, his wife, Defendants and Appellants.**

**No. 9844.**

Supreme Court of Utah.

Aug. 27, 1963.

---

Dahl & Sagers, Midvale, for appellants.

McKay & Burton, Reed H. Richards, Salt Lake City, for respondent.

McDONOUGH, Justice.

This is an action by the Granite School District Board of Education to take defendants' property under an alleged contract or in the alternative by means of condemnation proceedings.

Plaintiff had been seeking additional property for school purposes, and on or about February 20, 1961, defendants Rex H. Cox and Wilmina Cox, husband and wife, offered to sell approximately six acres of their real property to the plaintiff for the sum of $43,500. The Board of Education rejected this offer, and a counter offer of $40,000 was submitted. On April 17, 1961, Mr. and Mrs. Cox rejected this counter offer and in a letter to the School Board stated: "We wish to compromise and accept the sum of $42,000.00," which letter was signed by the appellant Rex H. Cox. When the plaintiff's attorneys tendered this sum, less revenue stamps and prorated taxes, the defendants refused to accept it and convey the property. Whereupon the plaintiff initiated this action for specific performance under that agreement, or in the alternative, to obtain the property by condemnation.

On September 10, 1962, defendants were duly served a summons and a copy of the complaint, but they failed to contact an attorney or to answer and a default judgment was taken against them on October 5, 1962. Notice was served upon the defendants of this default judgment on November 11, 1962. Shortly thereafter defendants contacted counsel and after unavailing negotiations, a motion to set aside the judgment and stay the execution of same was filed with the clerk of the court on November 28, 1962. The stay of execution was granted and a time set for hearing the motion to set the judgment aside.

At the hearing Mr. Cox declared his reason for not answering the summons and complaint was that he thought a judge had to sign the summons for it to be valid and was further under the impression that no binding contract existed. The trial judge did not believe this excuse and was of the opinion his failure to answer was deliberate. The court thus denied the motion to set aside the judgment as to Mr. Cox. However, it was found Mrs. Cox was ill during part of the negotiations and did not agree with her husband's actions and the default judgment as to her was therefor set aside. From the above ruling Mr. Cox appeals.

■ It is largely within the discretion of the trial court whether a default judgment should be relieved, which discretion will not be disturbed unless there is a patent abuse thereof.[1] The question then arises, on this appeal, whether or not the trial court abused its discretion.

■ The courts will generally grant relief in doubtful cases so that a party may have a hearing. As the court stated in Warren v. Dixon Ranch Co., 123 Utah 416, 260 P.2d 741:

> "The allowance of a vacation of judgment is a creature of equity designed to relieve against harshness of enforcing a judgment, which may occur through procedural difficulties, the wrongs of the opposing party, or misfortunes which prevent the presentation of a claim or defense."

We view a default judgment with a careful eye but in doing so we acknowledge that a trial court is endowed with considerable latitude of discretion in granting or denying a motion to set such a judgment aside.[2] It is an abuse of discretion to refuse to vacate a default judgment where there is reasonable justification for the defendants' failure to appear and answer.[3] However, the excuse must be reasonable to constitute excusable neglect.

The trial court was guided by Rule 60(b) of the Utah Rules of Civil Procedure which outlines the situations wherein a party may have a judgment set aside. There are seven categories therein only two of which have application here. They are: (1) mistake, inadvertence, surprise, or excusable neglect; (2) any other reason justifying relief from the operation of the judgment. In his reasons for setting the judgment aside the defendant has specifically set out number one above and evidently in an effort to qualify under the second category has asserted the following additional reasons: (1) the judgment entered was based upon a void contract for the reason that the same did not comply with the Statute of Frauds; (2) the purported contract was void for lack of consideration; (3) the judgment is inequitable.

■ Appellant in asserting the Statute of Frauds and lack of consideration has set forth defenses which apply to the merits of the case and have no application as to why appellant did not answer within the time allotted. We are concerned only with why he did not answer, not with what kind of answer would he give if he were so inclined. This latter question arises only after consideration of the first question and a sufficient excuse therefrom being shown.

1. Ney v. Harrison, 5 Utah 2d 217, 299 P. 2d 1114; See also Warren v. Dixon Ranch Co., 123 Utah 416, 260 P.2d 741; Peterson v. Crosier, 29 Utah 255, 81 P. 860.

2. Mayhew v. Standard Gilsonite Co., 14 Utah 2d 52, 376 P.2d 951.

3. Ibid.

■ The trial judge was in an advantaged position to judge the defendant's credibility. In view of his interest, the court was not obliged to believe the somewhat feeble excuse he gave him for not paying attention to the summons: that he thought it required a judge's signature. The summons is self-explanatory to anyone who can read, and this excuse is so unrealistic that the trial judge was not compelled to accept it. Furthermore, inasmuch as the application to set aside a default is equitable in nature, addressed to the conscience of the court, it can and should consider all of the attendant facts and circumstances. In view of these facts the trial court's conclusion that Mr. Cox's failure to heed the summons was his deliberate choice does not seem unreasonable. Accordingly, under the circumstances shown we do not see the refusal to set aside the default as an abuse of the discretion afforded the trial judge in ruling upon such motions.

Affirmed. No costs awarded.

HENRIOD, C. J., and CALLISTER and CROCKETT, JJ., concur.

WADE, Justice (dissenting).

I think it obviously an abuse of discretion for the trial court to refuse to set aside this default. The purpose of courts is to decide questions of law and facts on their merit after a fair and impartial trial, and promote justice under the law. Decisions on procedural defects should not be encouraged. Here the defendants were served with summons, they were not lawyers and obviously did not understand that the effect of their failure to answer the complaint would be to deprive them of an opportunity to present their side of the case to the court and have the issues litigated. As I understand the facts the trial court did set the judgment aside as against the wife and she will be allowed to have a hearing on the merits although the property in question is owned as joint tenants by the husband and wife. To me it seems that the court in making this kind of a decision went a long way to prevent a trial on the merits against a layman who obviously did not appreciate the effect of his failure to consult a lawyer and file an answer. For the same issues as to the wife's interest must be tried, although the interests of the husband and wife are generally so closely connected that the failure to vacate the judgment as against the husband must seriously affect the interests of the wife in this property.