395 P.2d 55

**BOARD OF EDUCATION OF the GRANITE SCHOOL DISTRICT, a statutory corporation, Plaintiff and Respondent,**

v.

**Rex H. COX and Wilmina Cox, his wife, Defendants and Appellant.**

No. 10023.

Supreme Court of Utah.

Sept. 4, 1964.

See also 14 Utah 2d 385, 384 P.2d 806.

Dahl & Sagers, Midvale, for defendants and appellant.

McKay & Burton, Salt Lake City, for plaintiff and respondent.

CALLISTER, Justice:

Defendants, Rex H. and Wilmina Cox, husband and wife, gave to plaintiff, Granite School District, an option to purchase some real property, which they owned in joint

tenancy, for the sum of $43,000. The option was not exercised, and after its expiration plaintiff offered to pay $40,000 for the property. Defendants refused this offer, but subsequently Rex wrote a letter to plaintiff which stated, "we wish to compromise and accept $42,000." This letter was signed by Rex only.

Plaintiff tendered the $42,000, but defendants refused to accept it. Thereupon plaintiff filed suit seeking specific performance or, in the alternative, a decree of condemnation. Defendants failed to file an answer to the complaint and a default judgment was entered against them. This judgment decreed specific performance and granted defendants $42,000 less certain costs.

Defendants then moved to set aside the default judgment. After a hearing, the lower court granted the motion as to Wilmina but denied it as to Rex. Rex appealed to this court and we affirmed.[1] Upon that appeal, we were presented only the question of the refusal of the lower court to set aside the default judgment against Rex. The action against Wilmina has remained pending in the lower court.

Upon remittitur, plaintiff sought an order of the lower court directing Rex to convey his undivided one-half interest in the property to it for the sum of $21,000. Rex, on the other hand, asked the court to order plaintiff to pay the sum of $42,000 for his interest. It was, and still is, Rex's position that the judgment against him requires the payment of $42,000, and since it was affirmed by this court, the lower court is without jurisdiction to modify it. The lower court ordered Rex to convey his interest for $21,000 and he appeals.

Utilizing hindsight, it should be noted that the lower court should have reformed the default judgment at the time he ruled upon the motions to set it aside. In granting Wilmina's motion, the property to be conveyed was reduced by her interest, and the judgment for $42,000 was no longer appropriate. The question now, however, is whether the lower court had the power to reform the judgment against Rex after the same had been affirmed by this court. Under the particular facts of this case, we are of the opinion that it did.

Rule 60(b) of the Utah Civil Rules of Procedure provides:

"On motion and upon such terms as are just, the court may in the furtherance of justice relieve a party * * * from a final judgment * * * for the following reasons: * * * (6) * * * a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (7) any other

1. Board of Education of Granite School District v. Cox, 14 Utah 2d 385, 384 P.2d 806 (1963).

reason justifying relief from the operation of the judgment."

■■ Applying the foregoing rule to the case at hand, the lower court was right in relieving plaintiff from the $42,000 judgment against it and determining the value of Rex's interest to be conveyed. In this latter regard, the lower court, having no evidence to the contrary, was justified in holding that Rex's interest was an undivided·one-half interest.[2]

It should be noted that this opinion should not affect any issues in the pending action against Wilmina.

Affirmed.  Costs to plaintiff.

McDONOUGH, CROCKETT and WADE, JJ., concur.

HENRIOD, Chief Justice (dissenting):

I dissent.  In a condemnation suit in which a count ex contractu also was alleged, the court gave judgment for plaintiff against both Cox and his wife for specific performance, and awarded $42,000 jointly in their favor.  It turned out that the wife was not a party to the contract and consequently she was relieved of the judgment against her. The refusal to set aside the judgment against Cox was appealed to this court.  The judgment for $42,000 persisted in favor of Cox without complaint or motion for modi-.

fication on the part of the plaintiff, either before, during pendency of appeal, or for a considerable time after this court affirmed the judgment and remitted the case for execution thereof.  At that time there was a valid, subsisting judgment for $42,000 in favor of Cox personally, which could have been assigned by him for value.  The condemnation proceeding as yet has not been pursued to a conclusion against Mrs. Cox.

I am of the opinion that after remittitur by this court affirming the judgment, it was too late. arbitrarily to cut it in half, which amounts to a reversal by the trial court of half this court's affirmance.

The contract was to pay two joint vendors $42,000, and either or both were entitled to collect that sum on principles of joint tenancy where each has an undivided moiety of the whole.  It does not lie in the mouth of the grantee to assess the relative values of joint tenant interests.

Cutting the price in half not only puts a price tag on Cox's interest, but impliedly, at least, puts the same tag on Mrs. Cox's joint interest,—and she was not a party to any contract.  She was not subject to specific performance at all.  She may consider her joint interest in the property to be in excess of $21,000, and her rights in a condemnation suit are no answer.  The $21,000 paid to Cox no doubt would be advanced as an argument to show what a willing seller

2.  Stark v. Coker, 20 Cal.2d 839, 120 P.2d 390.

and a willing buyer agreed upon with respect to identical or similar property in the area.

Cutting the judgment in half as to Cox is not the proper procedure. Conceivably an equity suit would lie to require him to deliver full title to the property, conditioned on penalty for failure to perform.

Abstracters and attorneys examining titles may be interested in the decision of this case.