452 P.2d 316

**CENTRAL FINANCE COMPANY, a Utah corporation, Plaintiff and Respondent,**

**v.**

**L. Udell KYNASTON, aka Lawrence Udell Kynaston, and LaRue M. Kynaston, aka Ruth LaRue Kynaston, his wife, Defendants and Appellants.**

**No. 11303.**

Supreme Court of Utah.

March 20, 1969.

David E. Bean, of Bean & Bean, Layton, for defendants and appellants.

E. J. Skeen, Salt Lake City, for plaintiff and respondent.

CALLISTER, Justice:

Defendants appeal from an order denying their motion to set aside a judgment rendered against them.

Neither defendants nor their counsel appeared at the time of trial on March 21, 1968, at ten o'clock in the morning. The trial court stated that the record should show that both parties, the plaintiff and the defendants, were notified by the Clerk's Office and by Judge Thornley K. Swan of the trial setting, that the plaintiff appeared in person and by his counsel, E. J. Skeen, that defendants failed to appear in person or by counsel; that it is now 10:45 o'clock A.M. The court directed plaintiff to proceed with the evidence in its case. A minute entry recites the same facts.

After plaintiff submitted the testimonial evidence of one witness, the court granted judgment as prayed for in plaintiff's complaint.

Defendants filed a verified motion to set aside the judgment, dated April 11, 1968, in which counsel, David E. Bean, attested to certain relevant facts. He stated that no notice of the trial setting was given to defendants or their counsel by the clerk of the court; that three pretrial notices had been mailed by the clerk, the first of which was continued by counsel for plaintiff and the last two by counsel for defendants; that under the date of January 29, 1968, he was advised by counsel for the plaintiff that the court had tentatively set the trial for the 21st of March, 1968; that on January 31, 1968, he received notice of a pretrial set for February 7, 1968, and that he wrote a letter requesting a continuation of the pretrial date, a copy of which letter was sent to opposing counsel; that he made a telephone call to the Davis County Clerk's Office and Afton Udall advised him that his case was not set for trial on the 21st of March and that two other cases had been set for trial on that day; that on March 12, 1968, he personally checked the court clerk's calendar for March 21, 1968, and the case did not appear thereon; and that on March 21, 1968, he was attending to matters in Layton City Court and was unable to leave until the noon recess at which time he contacted his office and was advised of his dilemma.

Counsel for plaintiff filed a verified answer to defendant's motion; he stated that at a pretrial hearing on January 22, 1968, counsel for defendants failed to appear or give him notice that he would move for a continuance; that at said hearing the pretrial judge set the case for March 21, 1968, at 10:00 A.M. and indicated that the clerk would give notice to the attorney for the defendants. Nevertheless, plaintiff's attorney wrote a letter to defense counsel advising him of the trial setting; he has never received a response thereto. A few days prior to trial, inquiry was made at the Clerk's Office, and the date of the trial setting was verified.

On May 9, 1968, the trial court, without a hearing, made an order based on the motion and answer of the parties denying defendants' motion.

On appeal defendants cite Rule 11 of the rules of practice of the Second Judicial District:

Notice of Cases Set: When a case is given a trial date, the clerk shall post the same on the blackboard and shall, as soon as practicable, mail notice of the trial date to those persons listed for notice on the demand for trial, except that no notice need be given to counsel who are personally present at the setting.

Both parties agree that defense counsel was not personally present at the pretrial, when the date of trial was set. This case bears certain factual similarities to Okerlund v. Robinson,[1] wherein defendants filed an answer but failed to appear in court at the time of trial either in person or by counsel. The trial court permitted plaintiff to proceed and introduce evidence, and the court made and entered findings of fact and conclusions of law and rendered judgment to the plaintiff. On appeal, defendants urged that they had received no notice of the setting of their case for trial, and, consequently, they were entitled to be relieved of their default. There was in effect in the Sixth Judicial District a rule of court which required the clerks of the court to notify each attorney having cases upon the calendar, of the day and hour for which said cases were set for hearing, immediately after such setting had been made, except in cases where the attorneys were present at the setting of the case. This court observed:

In the absence of a rule of court providing for notice, attorneys are not entitled to rely upon clerks of courts to give them notice of the setting of their cases. Where a rule such as No. 21 has been adopted and promulgated, attorneys are entitled to rely upon it. The record fails to show that the clerk gave any notice to the attorney for appellants of either the setting for April 30th or the resetting for May 15th, * * *.

In the Okerlund case this court concluded that the trial court should have granted defendants' motion to vacate the judgment and to grant a new trial to hear the case on the merits.

In the instant action, the trial court recited into the record that defendants had received notice of the trial from the Clerk's Office; defense counsel in his verified motion attested that he had not received such notice. Under the particular circumstances of this case, this matter should be remanded to the trial court for hearing to determine whether there was compliance with Rule 11 of the Second Ju-

1. 74 Utah 602, 605, 281 P. 200, 201 (1929).

dicial District in regard to the requisite notice.

\* \* \* it is quite uniformly regarded as an abuse of discretion to refuse to vacate a default judgment where there is reasonable justification or excuse for the defendant's failure to appear, and timely application is made to set it aside.[2]

This case is reversed and remanded for proceedings in accordance with this opinion.

CROCKETT, C. J., and TUCKETT, HENRIOD and ELLETT, JJ., concur.

---

**2.** Mayhew v. Standard Gilsonite Company, 14 Utah 2d 52, 54, 376 P.2d 951, 952 (1962).