513 P.2d 429

**AIRKEM INTERMOUNTAIN, INC., and Frances M. Hickey, Plaintiffs and Respondents,**

v.

**Ardell L. PARKER, Defendant and Appellant.**

**No. 13148.**

Supreme Court of Utah.

Aug. 20, 1973.

Merrill K. Davis, Salt Lake City, for defendant and appellant.

Craig G. Adamson and Earl P. Staten, Tibbals & Staten, Salt Lake City, for plaintiffs and respondents.

CALLISTER, Chief Justice:

Defendant appeals from an order of the trial court denying his motion to relieve him from a final judgment on the ground of excusable neglect, under Rule 60(b)(1), U.R.C.P.

Plaintiffs initiated this action on January 26, 1972, alleging that defendant had executed a promissory note for good and valuable consideration to plaintiffs in the sum of $1,000 on June 24, 1970; that defendant had defaulted and the entire amount of $1,000 plus 8% interest per annum was due and owing; and that defendant had refused to pay the same. Plaintiffs sought recovery for the unpaid balance, interests, costs, and attorney's fees as provided under the terms of the contract. Defendant engaged counsel and filed an answer on February 8, 1972, admitting the execution of the note but denying that a good and valuable consideration was paid for the same. Plaintiffs filed a request for a trial setting on February 14, 1972,

and defense counsel informed his client that the trial would probably be set early in the autumn. Under a letter dated May 5, 1972, counsel for both parties were informed of a trial setting on September 21, 1972.

On the day of the trial, defense counsel filed a notice of withdrawal with the clerk; plaintiffs' counsel had not received notice thereof at the time he appeared for trial. The trial court refused permission to defense counsel to withdraw pursuant to Rule 10 of the Rules of Practice of the Third Judicial District Court. Since defendant neither appeared personally nor through counsel, his default was entered. The trial proceeded, witnesses were called, the evidence to support plaintiffs caused was adduced, and judgment was awarded to the plaintiffs.

Defendant filed a motion to vacate the judgment on October 16, 1972, alleging that he had a meritorious defense and that for more than ten days prior to the trial date of September 10, 1972, defense counsel had been unable to contact him at his home for the reason that defendant was seldom home until approximately 10 o'clock at night and that he departed early in the morning for work. Defendant filed an accompanying affidavit, wherein he explained that he was employed in an adjoining county and departed for work at 7:30 a.m. and returned about 6:30 p.m., each Monday through Friday. He further stated that his wife was ill with terminal cancer and had been in a hospital or nursing home for the past three months. He believed that he was difficult to contact, except before 7:30 a. m. and after 9:00 p. m., and that his attorney had been unsuccessful in his attempt to communicate with him several days prior to the trial setting. Upon hearing, the trial court denied defendant's motion.

On appeal, defendant contends that the trial court abused its discretion by refusing to set aside the judgment on the ground of excusable neglect.

 The trial court is endowed with considerable latitude of discretion in granting or denying a motion to relieve a party from a final judgment under Rule 60(b)(1), U.R.C.P., and this court will reverse the trial court only where an abuse of this discretion is clearly established.[1] The trial court must balance two valid considerations; on the one hand, to relieve the party of the judgment vitiates the effect of res judicata and creates a hardship for the successful litigant by causing him to prosecute more than once his action and subject-

---

1. Central Finance Company v. Kynaston, 22 Utah 2d 284, 452 P.2d 316 (1969); Board of Education of Granite School District v. Cox, 14 Utah 2d 385, 384 P.2d 806 (1963); Mayhew v. Standard Gilsonite Co., 14 Utah 2d 52, 376 P.2d 951 (1962).

ing him to the possible loss of collecting his judgment. On the other hand, the court desires to protect the losing party who has not had the opportunity to present his claim or defense. The rule that the courts will incline towards granting relief to a party, who has not had the opportunity to present his case, is ordinarily applied at the trial court level, and this court will not reverse the determination of the trial court merely because the motion could have been granted. For this court to overturn the discretion of the lower court in refusing to vacate a valid judgment, the requirements of public policy demand more than a mere statement that a person did not have his day in court when full opportunity for a fair hearing was afforded to him or his legal representative. The movant must show that he has used *due diligence* and that he was prevented from appearing by circumstances over which he had no control.[2]

In the instant action, defendant was informed in February that the matter would probably be set for trial in the early autumn; he also knew of the irregular hours during which he was present in his home. His failure to contact his counsel under such circumstances from February to September 21 could reasonably be considered as not constituting due diligence by the trial court. Defense counsel was in-formed in early May of the trial setting in September, his belated efforts ten days prior to trial to contact his client, particularly when there is no allegation as to the means of communication utilized, might reasonably be considered as not indicating due diligence. Since defendant's conduct was not entirely inexcusable, the trial court did not abuse its discretion by refusing to relieve defendant of the judgment. The order of the trial court is affirmed. Costs are awarded to plaintiffs.

HENRIOD, ELLETT, CROCKETT and TUCKETT, JJ., concur.

---

2. Warren v. Dixon Ranch Company, 123 Utah 416, 260 P.2d 741 (1953).