David W. HEATH and Susan M. Heath, Plaintiffs and Respondents,

v.

Donald A. MOWER and Future Community Homes of Utah, Inc., a corporation, Defendants and Appellants.

No. 16029.

Supreme Court of Utah.

June 18, 1979.

---

Roger A. Livingston, Salt Lake City, for defendants and appellants.

David E. Bean, Layton, for plaintiffs and respondents.

STEWART, Justice:

This is an appeal from a denial of a motion to set aside a default judgment entered against defendant Donald A. Mower for fraudulent misrepresentation. The case originated November 11, 1975, when plaintiffs filed a complaint alleging that defendants Future Community Homes of Utah, Inc. (hereinafter referred to as "Future") and Future's president, Mower, had breached a construction contract with the plaintiffs and that the defendants had made fraudulent misrepresentations upon which plaintiffs relied to their detriment. Defendants failed to file an answer to this complaint, and a default judgment was subsequently entered against them. On January 30, 1976, defendants appeared and moved to set aside that default judgment on the ground they had not been served with a summons and had not been made aware of the existence of the complaint until after the default judgment was entered. The trial court granted defendants' motion to set aside and permitted plaintiffs to file an amended complaint. On February 27 plaintiffs filed their amended complaint; on March 18 defendants answered and counterclaimed on the ground plaintiffs had repudiated the agreement and had refused to make payments on the agreement. Plaintiffs duly replied to this counterclaim. Defendants moved to dismiss the causes of action against both defendants, but the trial court denied their motions on April 13, 1976.

Almost two years later, on February 15, 1978, plaintiffs filed a notice of readiness for trial. On February 27, 1978, defendants' attorney, William H. Henderson, filed a notice of withdrawal of counsel, with a certification that a copy of the withdrawal notice had been sent to defendants' last known address at 409 Woodlake Drive, Salt Lake City, Utah. In this notice Henderson noted that "defendants (had) failed to keep (him) informed of their last known address, although repeatedly advised to do so." Also on February 22, Henderson wrote a letter

to the clerk of the district court advising of his withdrawal and informing the clerk that defendant Mower and his wife had divorced, that he did know Mower's current address, and that Mrs. Mower's address was 8312 South 1275 East in Sandy, Utah. Henderson mailed a copy of this letter to plaintiffs' attorney and to Mrs. Mower.

On March 2, 1978, after apparently having learned defendant Mower's current address, Henderson prepared an amended notice of withdrawal of counsel which included defendant Mower's home address as 3063A, N.E., 57th Avenue, Vancouver, Washington 92661, and mailed him a copy of that amended withdrawal notice.

On March 8, 1978, the deputy clerk of the district court prepared a notice of pre-trial indicating that pre-trial was set for April 20, 1978. Copies of this document were sent to plaintiffs' attorney, to Henderson, to Mrs. Mower at the Sandy, Utah, address, and to Mr. Mower at the Vancouver, Washington, address. The notice to Mr. Mower sent by the deputy clerk was mailed March 17, 1978. In addition to the notice of pre-trial sent by the deputy clerk, the plaintiffs' attorney mailed a copy of the notice of pre-trial by certified mail to Mower's Washington address on March 13, 1978. This notice was returned "unclaimed" on or about April 8, 1978.

Plaintiffs appeared for pre-trial on April 20. Mrs. Mower, who was an officer of Future, appeared, and the court ruled that she was not liable because she was not knowledgeable of the business practices and because she was not named as a defendant. Defendants Mower and Future neither appeared nor were represented by counsel. The court reviewed the history of the proceedings and received into evidence the notice of pre-trial which had been sent by certified mail to Mower in Washington and returned "unclaimed" and the documents relating to substantive allegations of plaintiffs' amended complaint. The court pierced the corporate veil, finding defendant Mower solely liable for fraudulent misrepresentation and granted a default judgment in favor of plaintiff and against Mow-

er in the amount of $13,225.63, plus costs and interest from May 1, 1978, at eight percent per annum.

Defendant Mower sent a mailgram dated April 20, 1978, to the clerk of the Judicial district which read as follows:

WILL BE UNABLE TO ATTEND THE MEETING AT YOUR OFFICE TODAY. AM ATTEMPTING TO FIND LOCAL ATTORNEY TO HANDLE THIS MATTER FOR ME. LET ME KNOW HOW WE SHOULD PROCEED FROM HERE. MY ATTORNEY WILL CONTACT THE HEATH ATTORNEY SOON

This mailgram was filed with the clerk's office April 24.

Mower contacted a Salt Lake City attorney, Roger A. Livingston, who filed an entry of appearance on June 28, 1978. On the same day Livingston moved to set aside the default judgment pursuant to Rules 60(b)(1), (3), and (7) of the Utah Rules of Civil Procedure. Accompanying this motion was an affidavit of Mower in which Mower claimed, inter alia, that he had never received the notice of pre-trial which was sent certified mail and returned "unclaimed" and that he "became aware of the (April 20 pre-trial) hearing on April 18, 1978, through a telephone conversation with his former wife." Mower made no specific mention of whether he had received the notice of pre-trial mailed by the deputy clerk of the district court on March 18, 1978. Mower also alleged that he did not know of attorney Henderson's withdrawal of counsel until April 13, 1978.

The trial court denied the motion to set aside the default judgment after finding that Mower knew about the pre-trial date, that he had received timely notice, and that the withdrawal of his attorney had taken place months prior to the date of the pre-trial.

On appeal Mower argues that under Rules 60(b)(1) and (7), the default judgment should have been set aside. Rules 60(b)(1) and (7) read as follows:

On motion and upon such terms as are just, the court may in the furtherance of justice relieve a party or his legal repre-

sentative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . or (7) any other reason justifying relief from the operation of the judgment.

Mower claims the evidence he submitted shows that he was given insufficient notice of the pre-trial hearing. He cites several cases standing for the proposition that the courts should favor granting relief from default judgments whenever there is any reasonable excuse, and the decision to set aside would not result in substantial prejudice or injustice to the adverse party. See *Westinghouse Electric Supply Co. v. Paul W. Larsen Contractor, Inc.*, Utah, 544 P.2d 876, 879 (1975), and cases cited therein at footnote 10.

■ While we agree that trial courts should be generally indulgent toward permitting full inquiry and knowledge of disputes so they can be settled advisedly and in conformity with law and justice, *Mayhew v. Standard Gilsonite Co.*, 14 Utah 2d 52, 376 P.2d 951 (1962), each case must nevertheless depend upon its own peculiar facts and circumstances. "No general rule can be laid down respecting the discretion to be exercised in setting aside or refusing to set aside a judgment by default . . . but the discretion should always be so exercised as to promote the ends of justice", *Utah Commercial & Savings Bank v. Trumbo*, 17 Utah 198, 208, 53 P. 1033, 1037 (1898).

■ Whether a trial court should set aside a default judgment is largely a discretionary matter, and we will reverse a court's ruling only if it is clear the court abused that discretion, *Warren v. Dixon Ranch Co.*, 123 Utah 416, 260 P.2d 741 (1953). See also *Airkem Intermountain, Inc. v. Parker*, 30 Utah 2d 65, 67, 68, 513 P.2d 429, 431 (1973) wherein we stated:

The trial court must balance two valid considerations; on the one hand, to relieve the party of the judgment vitiates the effect of res judicata and creates a hardship for the successful litigant by causing him to prosecute more than once his action and subjecting him to the possible loss of collecting his judgment. On the other hand, the court desires to protect the losing party who has not had the opportunity to present his claim or defense. The rule that the courts will incline towards granting relief to a party, who has not had the opportunity to present his case, is ordinarily applied at the trial court level, and this court will not reverse the determination of the trial court merely because the motion could have been granted.

In the case before us the defendant did not offer the trial court a reasonable excuse for his nonappearance so as to bring him under the rule that courts should liberally exercise their power to set aside default judgments. Repeated attempts were made by the court, by counsel for the adverse party and by Mower's own attorney to contact him regarding the status of the lawsuit he knew was pending. Despite the fact that Mower's first attorney certified that he had sent a notice of withdrawal of counsel to Mower's Washington State residence on March 2, Mower claimed he did not learn of the withdrawal until April 12. Despite the fact that the district court clerk's office sent Mower a notice of pre-trial to his Washington state residence on March 8 and despite the fact that plaintiffs' counsel mailed a copy of the same notice by certified mail to Mower's Washington residence, Mower claimed he did not learn of the pre-trial hearing until March 18.

Moreover, neither defendant's mailgram nor his affidavit in support of his motion to set aside the second default judgment offers a full and complete enough explanation for defendant's nonappearance sufficient to mandate a trial court setting aside the judgment. His mailgram offered no explanation as to why Mower was unable to attend personally or be represented by an attorney at the pre-trial hearing. The mailgram showed only that Mower had notice of the hearing, that he knew his counsel had withdrawn, and that he knew he had certain responsibilities with regard to it. Mower's affidavit which he filed in support of his

motion to set aside the default judgment does not add any further significant information as to why he did not appear at the pre-trial hearing. With regard to the notice of the hearing sent to him via certified mail, in his affidavit Mower stated that it was mailed to him at his Washington address and that "said notice was returned unclaimed" without offering any explanation as to why he did not pick up this notice at the post office or otherwise receive it. Also in this affidavit Mower stated that after learning of the April 20 hearing, allegedly for the first time on April 18, he sent a mailgram to the court on April 19. However, the mailgram itself is dated April 20. Mower also incorrectly stated in his affidavit that this mailgram indicated to the court that "he had received no notice of the hearing and that he did not have time to retain another attorney or to prepare for the hearing." Aside from these vague and sometimes incorrect statements, Mower's affidavit does not attempt to explain the reasons for his failure to appear at the pre-trial hearing.

In *Airkem Intermountain, Inc. v. Parker, supra,* 30 Utah 2d at 68, 513 P.2d at 431, this Court held that a party trying to set aside a default judgment "must show that he has used *due diligence* and that he was prevented from appearing by circumstances over which he had no control." [Emphasis in the original.] In this case the trial court was within its discretionary bounds in ruling that defendant's mailgram and affidavit did not satisfy the *Airkem* standard to explain why he claimed the various attempts to notify him were futile.

Defendant Mower raises on appeal for the first time the contention that Rule 2.5 of the Rules of Practice in the District Courts and Circuit Courts in the State of Utah was not complied with. Rule 2.5 reads as follows:

> When an attorney dies or is removed or suspended or withdraws from the case or ceases to act as an attorney, the party to an action for whom such attorney was acting, must before any further proceed-

ings are had against him, *be required by the adverse party, by written notice to appoint another attorney or to appear in person.* [Emphasis added.]

Defendant did not raise this issue before the trial court, and we decline to decide an issue raised for the first time on appeal, *Nelson v. Newman,* Utah, 583 P.2d 601 (1978).

Affirmed. Costs to plaintiffs.

CROCKETT, C. J., and MAUGHAN, WILKINS and HALL, JJ., concur.