David K. ROBINSON, a Utah Professional Corporation, Plaintiff and Respondent,

v.

Morris MYERS, Defendant and Appellant.

No. 16153.

Supreme Court of Utah.

Aug. 20, 1979.

Morris Myers, pro se.

Lowell V. Summerhays of Robinson, Guyon, Summerhays & Barnes, Salt Lake City, for plaintiff and respondent.

HALL, Justice:

Defendant appeals from the denial of his motion to set aside a default judgment entered against him.

Plaintiff filed suit against defendant on April 19, 1978, for legal services rendered. An amended complaint was filed on May 17, 1978.[1] Default judgment was entered against defendant on June 19, 1978. Ap-

---

1. The original complaint included a claim for costs and fees totalling $920.56 as well as a claim for the replacement costs of two legal volumes. A stipulation that plaintiff could amend the complaint was signed by plaintiff on May 15 and by defendant on May 26, although it was not filed with the court until May 30. The amended complaint sought recovery only for the costs and fees and also stated that plaintiff was the successor corporation to another pursuant to Articles of Amendment filed with the Secretary of State.

parently being unaware that a default had been entered against him,[2] defendant filed a motion to dismiss on June 27, 1978, asserting that plaintiff was not the real party in interest and that plaintiff was not a Utah corporation as alleged.. On October 19, 1978, defendant filed a motion to set aside the default which motion was subsequently denied. In support of the motion, defendant filed an affidavit with the court which, inter alia, made the following claims:

1. That during the period of time between the filing of the original complaint and the entry of default judgment, plaintiff was not a Utah corporation.

2. That on May 11, 1978 defendant informed plaintiff that he would agree to an amendment of the complaint, if plaintiff would be designated therein as an individual rather than a corporation, so as to permit defendant to file a counterclaim; that on the same date he served plaintiff with the motion to dismiss, although the motion was not filed with the court until June 27.

3. That on May 26 defendant signed the previously received "Stipulation to Amend Complaint" which was filed with the court on May 30; that since the filing of the stipulation, no amended complaint has been served on defendant.

On October 20, 1978, plaintiff filed a counter-affidavit with the court wherein the following was asserted:

1. Although plaintiff's professional corporation has undergone several name changes, defendant knew the real party in interest.

2. Plaintiff did become aware of defendant's demand for a change in party but he denies receiving a copy of the motion to dismiss dated May 11, 1978.

3. That the Stipulation to Amend and the Amended Complaint were both mailed to defendant on May 16, 1978 and that plaintiff relied on defendant's representations that he would sign the stipulation and forward it to the court. Plaintiff mailed the Amended Complaint to the court on May 16, 1978.

4. When defendant failed to file responsive pleadings within twenty days, default judgment was entered on June 19, 1978.

A subsequent affidavit of defendant stated that on May 11, 1978, he had deposited in the United States Mail a copy of his motion to dismiss, addressed to plaintiff.

The trial court ruled that defendant's motion to dismiss was untimely and that the time to move to vacate the default judgment had run on September 18, 1978. Furthermore, the court ruled that in response to the defense of improper incorporation, plaintiff had introduced as an exhibit a certificate· from the Secretary of State's office showing that at all times relevant to this action and at all times since October 10, 1975, plaintiff has been properly incorporated as a Utah professional corporation.

The setting aside of defaults and judgments is an equitable procedure provided by Rule 55(c), U.R.C.P., which contains the following provision:

> For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b).

Rule 60(b), U.R.C.P., sets forth the bases for relief from judgment as follows:

> On motion and upon such terms as are just, the court may in the furtherance of justice relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) when, for any cause, the summons in an action has not been personally served upon the defendant as required by Rule 4(e) and the defendant has failed to appear in said action; (5) the judgment is

**2.** Defendant claims he first learned of the default judgment on October 17, 1978.

void; (6) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (7) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time and for reasons (1), (2), (3), or (4), not more than three months after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This Rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order or proceeding or to set aside a judgment for fraud upon the court. The procedure for obtaining any relief from a judgment shall be by motion as prescribed in these Rules or by an independent action.

The sequence of events recited ante would indicate that the proper procedure for setting aside the default in the instant case would be under Rule 60(b)(1)—mistake, inadvertence, surprise, or excusable neglect. This is true particularly in view of the late filing of defendant's motion to dismiss. However, because the time for setting aside a judgment for this reason had expired ("three months after the judgment"), defendant attempts to construe the reason as one falling within Rule 60(b)(7), i. e., that plaintiff is not the real party in interest. A ruling of this kind is typically discretionary with the trial court,[3] its concern being only with why a party failed to answer, not with the merits of any defense he might offer.[4]

The trial court denied defendant's motion on two separate bases: (1) the timeliness of the motion; and (2) the substance of defendant's claim. It would appear that the reason the trial court even considered

the substance of the claim was its concern that defendant may have been confused as to the effect of the stipulation for an amended complaint.[5] There is substantial evidence in the record to support the fact that plaintiff was the real party in interest, and that defendant had knowledge thereof.

The trial court's decision is affirmed. Costs to plaintiff.

CROCKETT, C. J., and MAUGHAN, WILKINS and STEWART, JJ., concur.

---

3. *Mayhew v. Standard Gilsonite Co.,* 14 Utah 2d 52, 376 P.2d 951 (1962); *Ney v. Harrison,* 5 Utah 2d 217, 299 P.2d 1114 (1956).

4. *Board of Education of Granite School District v. Cox,* 14 Utah 2d 385, 384 P.2d 806 (1963) cited with approval in *Airken Intermountain, Inc. v. Parker,* 30 Utah 2d 65, 513 P.2d 429 (1973); See also *Warren v. Dixon Ranch Co.,* 123 Utah 416, 260 P.2d 741 (1953).

5. It is conceivable that defendant expected yet another amended complaint to be filed pursuant to the stipulation.