Jack M. **HELGESEN**, Plaintiff and Respondent,

v.

Ekerete I. **INYANGUMIA**, Defendant and Appellant.

No. 17088.

Supreme Court of Utah.

Sept. 29, 1981.

Robert W. Miller and Nelson L. Hayes, Salt Lake City, for defendant and appellant.

James R. Hasenyager, Ogden, for plaintiff and respondent.

HOWE, Justice:

The defendant, Ekerete I. Inyangumia, appeals from an order denying his motion to set aside a default judgment entered against him.

On October 12, 1978, the plaintiff, Jack M. Helgesen, sustained personal injuries when he was involved in an automobile accident in Ogden, Utah, with the defendant. The accident occurred when the plaintiff stopped his car on Harrison Boulevard in response to traffic conditions, and he was immediately hit from the rear by a vehicle driven by the defendant.

On April 15, 1979, the plaintiff was involved in another automobile accident which allegedly caused additional injury to him. Both the defendant and the driver involved in the second accident were insured by Allstate Insurance Company. The plaintiff's attorney negotiated with Allstate for the settlement of the two claims for about five months. However, when these negotiations did not produce a settlement, the plaintiff filed separate civil complaints in the district court on November 16, 1979, for injuries sustained in the accidents.

Prior to that filing, the plaintiff's counsel on November 12th sent copies of the complaints to Allstate's adjuster with an accompanying cover letter. The letter contained the following statement:

Our offer to settle these two cases for the sum of $18,000.00 will remain open through the 20 day period for answering the respective complaints, otherwise the case will be tried.

The defendant was served with a summons on November 24, 1979, which notified him that he had 20 days to answer the complaint. An answer was not filed within that time limit and on December 26, 1979, at the request of the plaintiff, a hearing was held before the judge below who took testimony as to the plaintiff's damages. Following the hearing, plaintiff was awarded judgment for $16,947.90 special and general damages.

On January 3, 1980, the plaintiff mailed to the defendant a notice of the entry of the judgment against him. On January 11th, the defendant filed a motion to set aside the default judgment pursuant to Rule 60(b) of the Utah Rules of Civil Procedure. The motion was heard on March 3rd and conditionally denied, but the lower court gave the defendant 10 days to submit additional affidavits in support of his motion. After these additional affidavits were filed, a second hearing was held on defendant's motion, but again the court refused to set aside the default judgment.

Defendant appeals from the denial of his motion on the ground that the lower court abused its discretion in refusing to set aside the default and default judgment. His motion was based on "mistake" and "excusable neglect," which are two of the grounds under Rule 60(b)(1) for relief from a default judgment. The motion was supported by the affidavit of the adjuster, Charles Kent, who stated that he had requested plaintiff's counsel to furnish to him additional medical information and records so that he might more properly evaluate the claims; that plaintiff's attorney had failed to supply said information, but he had promised that he would do so in order that the two cases might be settled together without protracted litigation; that because he was waiting for the additional information and records he did not tender the complaint and sum-

mons to Allstate's attorney for answering; that he was led to believe through conversations with plaintiff's counsel, and also by a mistaken understanding of the November 12th letter that an extension of time would be given in order that litigation would not be required.

■ The decision to relieve a party from a final judgment under Rule 60(b)(1) is subject to the discretion of the trial court. But discretion should be exercised in furtherance of justice and should incline towards granting relief in a doubtful case to the end that the party may have a hearing. *Warren v. Dixon Ranch Co.*, 123 Utah 416, 260 P.2d 741 (1953). We reiterated in *Olsen v. Cummings*, Utah, 565 P.2d 1123 (1977), a statement made by this Court in *Mayhew v. Standard Gilsonite Co.*, 14 Utah 2d 52, 376 P.2d 951 (1962), that "it is quite uniformly regarded as an abuse of discretion to refuse to vacate a default judgment where there is reasonable justification or excuse for the defendant's failure to appear, and timely application is made to set it aside." The plaintiff refers us to *Airkem Intermountain, Inc. v. Parker*, 30 Utah 2d 65, 513 P.2d 429 (1973), where we stated that the movant must show that he has used due diligence and that he was prevented from appearing by circumstances over which he had no control. Plaintiff argues that since Allstate is in the insurance business and experienced in litigation, its adjuster was inexcusably negligent in the handling of the complaint.

■ We hold that the lower court abused its discretion in refusing to set aside the default judgment under the circumstances presented in this case. The plaintiff's attorney and Allstate's adjuster had been in frequent contact with each other for five months negotiating settlement of the two claims. The attorney was well aware that the adjuster and his company contested the amount sought by the plaintiff. With that knowledge, he must have expected that when he filed the lawsuits, the insurance company would defend them. The paragraph quoted above from the cover letter reflects that the plaintiff's attorney clearly

understood the position of Allstate since he stated that unless the cases were settled, they "will be tried."

After the summons was served and the 20-day period for answering was running, there was no contact between the attorney and the adjuster. The adjuster did not refer the complaint to Allstate's attorney for answering because he was waiting for further medical information to be furnished him by the plaintiff's attorney which he had been promised. This promise was not denied by plaintiff's attorney. The adjuster also understood both from the letter and earlier negotiation conferences that he would be granted additional time to accept the plaintiff's offer.

Seven days after the 20 days for answering had expired, the plaintiff's attorney filed with the court a memorandum he had prepared to support a default award and then proceeded a few days later to have the default of the defendant entered in this case without so little as a phone call to the adjuster. He also then obtained a default judgment for the approximate amount he had suggested to the court in his memorandum. He did all of this with full knowledge and realization of Allstate's position. Common courtesy and ordinary professional conduct dictated that before proceeding to the court the attorney should have made contact with the adjuster with whom he had been dealing for so long, and to have made inquiry as to why an answer had not been filed.

It is not uncommon in the practice of the law that when parties are negotiating settlement and one party files a lawsuit to bring pressure to bear, the other party is not strictly held to the time requirements of the rules of procedure since settlement talk continues to the day of trial and a few days' delay has little or no effect on when the trial date will be set. That was the case here. The attorney's letter here gave no indication that he would stand fast on the 20 days allowed for answering. In fact, he gave the opposite impression when he referred to the case as one that "will be tried." He now offers no explanation for

ignoring the adjuster and pursuing a default course instead of a trial on the merits as he had indicated.

Under the circumstances the adjuster had every reason to believe that he would be extended professional courtesy by the attorney with whom he was dealing and would hear back from him with further medical information. He was reasonable in believing that no default judgment would be taken in the meantime. We therefore conclude he was not guilty of lack of diligence and the defendant should be relieved of his default under Rule 60(b) on account of the mistake and excusable neglect of the adjuster. This is a case where the rule of procedure requiring the answering of a complaint within 20 days must yield to a more basic rule of fundamental fairness.

The judgment below is reversed and the case remanded for further proceedings. Costs to defendant.

HALL, C. J., and STEWART and OAKS, JJ., concur.

MAUGHAN, J., heard the arguments but died before the opinion was filed.