**GARDINER AND GARDINER BUILDERS, et al., Plaintiffs,**

**v.**

**Reid SWAPP aka Reid Swapp Construction Company, Defendants, Cross-Claimants and Appellants,**

**and**

**Tanglewood SLC Associates, Defendant, Cross-Claimant and Respondent.**

**No. 18079.**

Supreme Court of Utah.

Nov. 2, 1982.

Frederick A. Jackman, Paul James Toscano, Orem, for defendants, cross-claimants and appellants.

John A. Snow, Patricia M. Leith, Salt Lake City, for defendant, cross-claimant and respondent.

PER CURIAM:

As a sanction for repeatedly failing to respond to discovery procedures, and for

violation of the court's Order to Compel Discovery, the district court ordered all of the pleadings of defendant Reid Swapp aka Reid Swapp Construction Company stricken, and entered default judgment against that defendant and in favor of defendant Tanglewood SLC Associates on its cross-claim.

The default judgment was entered July 1, 1981. On September 3, 1981, an Order in Supplemental Proceedings was served at the residence of Reid Swapp. Swapp failed to appear at the hearing on that order, and an Order to Show Cause was issued, which was personally served on Swapp on September 22, 1981. On that same day, Tanglewood's Execution was personally served on Swapp.

On October 13, 1981, new counsel employed by Swapp filed a motion to set aside the judgment, and a motion to quash the execution. These motions were heard on October 19, 1981, and denied on that date. The court held that Swapp's motion to set aside the judgment was based on negligence, and was not filed within the three-month time limit of Rule 60(b)(1), Utah Rules of Civil Procedure.

Swapp now appeals, arguing that the district court erred in denying his motion to set aside the judgment under 60(b)(1). For the purposes of his motion to set aside the judgment, Swapp filed his affidavit in which he stated that his attorney had never communicated with him concerning the discovery process, nor had he informed Swapp that he had received interrogatories, requests for production of documents or a notice that Reid Swapp's deposition was to be taken. Swapp contends that he did not know of his attorney's stipulation to extend the time to answer these discovery procedures, and was not informed that the order compelling him to answer discovery was issued. He further states that he did not learn of the default judgment until he received the execution on September 22, 1981.

Swapp contends that the district court erred in testing his motion to set aside the judgment under the provisions of Rule 60(b)(1), excusable neglect. He characterizes the above facts as abandonment by his attorney, and argues that such abandonment constitutes "any other reason justifying relief ..." under Rule 60(b)(7). He further argues that the negligence of his attorney may not be imputed to him under these circumstances. We do not agree.

The trial court has considerable discretion in ruling on a motion to set aside a default judgment under Rule 60(b) and this Court will reverse the trial court only where a clear abuse of discretion is shown. *Mayhew v. Standard Gilsonite Company,* 14 Utah 2d 52, 376 P.2d 951 (1962); *Central Finance Company v. Kynaston,* 22 Utah 2d 284, 452 P.2d 316 (1969); *Airkem Intermountain, Inc. v. Parker,* 30 Utah 2d 65, 513 P.2d 429 (1973). We find no such abuse of discretion here.

While Swapp states in his affidavit that his attorney never communicated with him concerning the discovery requests received, the record shows that the failure to communicate may not have been entirely the negligence of the attorney. Further, even if the facts stated in the affidavit are true, Swapp failed to contact his attorney for one and a half years after he filed his answer and counterclaim. In *Airkem, supra,* we found negligence on the part of the party, for such failure to communicate. In addition, Swapp should have learned of the judgment taken against him by early September, when he was served with papers in supplemental proceedings. By his own admission, Swapp did learn of the judgment on September 22, 1981, still within the three-month period in which a motion under Rule 60(b)(1) may be granted.

We have previously held that the provisions of Rule 60(b)(7) may not be used to circumvent the time limitation of Rule 60(b)(1). *Pitts v. McLachlan,* Utah, 567 P.2d 171 (1977). Swapp's contention that his motion was brought on grounds other than negligence is without merit.

Affirmed. Costs to respondent.