Doris STARZEL and State of Utah, By and Through OFFICE OF RECOVERY SERVICES, State Department of Social Services, Plaintiffs and Respondents,

v.

Johnny JARAMILLO, Defendant and Appellant.

No. 18374.

Supreme Court of Utah.

April 14, 1983.

Phil L. Hansen and Dennis E. Dahl, Salt Lake City, for defendant and appellant.

David L. Wilkinson, Salt Lake City, Randy A. Hudson, Deputy County Atty., Price, for plaintiffs and respondents.

PER CURIAM:

The defendant appeals from the denial of his motion to vacate a judgment in a paternity suit.

Defendant filed a timely answer to the complaint which was filed December 2, 1980, denying paternity. A motion to require a blood test was filed and set for hearing on January 19, 1981, at which time neither defendant nor his attorney appeared. On February 2, 1981, defendant was ordered to take the test not later than April 2, 1981, which to date he has ignored. He was importuned several times to answer interrogatories, which he also ignored. The court thereupon granted plaintiff's motion to strike defendant's answer.

At a hearing on April 13, 1981, with counsel present, trial was set for September 2, 1981. Defendant served 21 interrogatories on plaintiff, asking numerous personal questions. All were promptly and poignantly answered by plaintiff and all pointed not only to a lengthy and continued sexual relationship with the defendant (and no one else), but also pointed to the defendant's paternity.

The plaintiff countered with 21 questions all challenging defendant to refute her answers to his interrogatories. Defendant failed to respond, and now seeks forgiveness on the basis of an unsupported claim of his own mistake, inadvertence and neglect.

In asking for the relief, defendant has not proffered any answers to the interrogatories, and the only support for his motion is an affidavit to the effect that the lawyer that had represented him actually warned him of the possible consequences of failing to answer the interrogatories. Defendant does not challenge his former counsel's competency, but claims that delay was justified when defendant tried to hire other counsel who was either ill or too busy to serve him quickly. It is significant that the record shows that he was represented at the hearing on his motion to vacate by his newly acquired counsel's associate.

The default judgment was entered on March 8, 1982, by minute entry and formalized and entered by a signed judgment on March 11, 1982. Defendant's motion to vacate was denied formally on April 19, 1982. The motion to vacate was unsupported by any proffered answers to the interrogatories, which would have been the least defendant could have done to demonstrate the good faith and diligence necessary to justify the relief prayed on the basis of excusable neglect. There was nothing said or done to justify the protraction indulged by defend-

ant, but such protraction itself suggests either nondiligence or an inclination not to answer the interrogatories.

This Court's holding in *Airkem Intermountain v. Parker*, 30 Utah 2d 65, 513 P.2d 429 (1973), appears to be dispositive. In that case, a unanimous court stated as follows:

> For this court to overturn the discretion of the lower court in refusing to vacate a valid judgment, the requirements of public policy demand more than a mere statement that a person did not have his day in court when full opportunity for a fair hearing was afforded to him or his legal representative. The movant must show that he has used *due diligence* and that he was prevented from appearing by circumstances over which he had no control. [Emphasis in original; citation omitted.]

Such pronouncement was paraphrased again in *State v. Wulffenstein*,[1] as was done also in a recent case seeking post-judgment intervention by moving to vacate a default judgment.[2] In the latter case, we indicated that conditions precedent to upsetting a judgment include a "strong showing of entitlement and justification, or such unusual or compelling circumstances as will justify failure to seek" the relief earlier.

We find no abuse of discretion that justifies reversal of the trial court's denial of the defendant's motion, and we therefore affirm.

---

1.  Utah, 560 P.2d 331 (1977).

2.  *Jenner v. Real Estate Services*, Utah, 659 P.2d 1072 (1983).