506 P.2d 74

**Raymond STEWART, Plaintiff and Respondent,**

v.

**John L. SULLIVAN and Richard Monk Allen, Defendants and Appellants.**

**No. 12958.**

Supreme Court of Utah.

Feb. 5, 1973.

Jack L. Schoenhals, Salt Lake City, for Sullivan.

David K. Winder, of Strong & Hanni, Salt Lake City, for Allen.

David E. West, Armstrong, Rawlings, West & Schaerrer, Salt Lake City, for Stewart.

TUCKETT, Justice:

The plaintiff filed these proceedings in the court below seeking to recover for personal injuries suffered in an automobile accident. At the outset plaintiff filed a separate action against the defendant John L. Sullivan, the driver of an automobile in which the plaintiff was riding as a passenger, claiming that Sullivan was guilty of wilful misconduct, and also filed an action against Richard Monk Allen, the driver of the automobile which collided with the vehicle in which the plaintiff was a passenger.

On September 24, 1970, the defendant John L. Sullivan served written interrogatories upon the plaintiff which the plaintiff neglected to answer. At a later date Sullivan moved for an order compelling answers to the interrogatories, which motion was granted by the court and an order entered requiring answers within 15 days after service of the order upon the plaintiff.

Upon motion of the defendant Allen, the two cases were ordered consolidated. On March 4, 1971, the motions were made to dismiss the plaintiff's complaint on the basis of his failure to answer the interrogatories. The motions were granted and an order entered dismissing the complaint of the plaintiff.

On May 14, 1971, the attorney who had represented the plaintiff was suspended from the practice of law. Plaintiff retained other counsel, and on March 16, 1972, counsel for the plaintiff appeared ex parte and obtained an order from the court, which amended its prior order and recited that the complaint was dismissed without prejudice. On April 13, 1972, after a hearing and all parties being represented, the court set aside the amended order of dismissal and reinstated its first order. Subsequently the court granted a further hearing upon the matter, after which the court entered a new order which recited that "the court having reviewed all of the files and records and affidavits herein" found there was sufficient grounds to relieve plaintiff from final judgment of dismissal and ordered that the plaintiff's complaint as against both defendants be dismissed without prejudice. It is from the latter order that the defendants appeal.

There are certain circumstances in connection with this matter that should be noted. The plaintiff had answered interrogatories submitted to him by the defendant Richard Monk Allen prior to the consolidation of the two cases. The interrogatories and the answers are substantially the same as those submitted to the plaintiff by the defendant Sullivan. After the consolidation of the cases that information was available to all parties. At the time the first order of dismissal was entered it

appears that the court and counsel for the defendant Allen were of the impression that the order made was a dismissal without prejudice. In a telephone conversation between counsel for the defendant Allen and counsel for the plaintiff, Allen's counsel informed counsel for the plaintiff that the dismissal was without prejudice. The plaintiff had no knowledge of the dismissal and subsequent motions made in respect thereto. It was not until several months after his counsel became incapacitated to represent him and the plaintiff had employed other counsel he learned what had transpired.

In view of the above recited circumstances and the fact that there was no disposition of the case on the merits, we are of the opinion that the court below did not abuse its discretion in its determination that the action should be dismissed without prejudice. The provisions of Rule 60(b)(7) are sufficiently broad to permit the court to set aside its former order which appeared to have been entered upon an erroneous assumption and to enter a new order based upon the record before it.[1]

The decision of the court below is affirmed. Respondent is entitled to costs.

CALLISTER, C. J., and HENRIOD, ELLETT and CROCKETT, JJ., concur.

1. Mayhew v. Standard Gilsonite Co., 14 Utah 2d 52, 376 P.2d 951; Warren v. Dixon Ranch Co., 123 Utah 416, 260 P.

2d 741; Costello v. United States, 365 U.S. 265, 81 S.Ct. 534, 5 L.Ed.2d 551; Madden v. Perry, 7 Cir., 264 F.2d 169.