Gary Stewart EGAN, Plaintiff, Respondent and Cross-Appellant,

v.

Nancy Lee EGAN, Defendant, Appellant and Cross-Respondent.

No. 14522.

Supreme Court of Utah.

Feb. 2, 1977.

Richard M. Day of Meredith, Barber & Day, Gordon F. Esplin, Salt Lake City, for appellant.

Robert D. Maack, Salt Lake City, for respondent.

CHRISTOFFERSEN, District Judge.

The defendant-appellant appeals from the judgment granting partial relief from a prior divorce decree. The parties hereto had previously been involved in a divorce case wherein a final default judgment was entered finding, among other things, that the plaintiff Gary S. Egan was the father of an expected child and ordered support payments for the child and medical expenses that would be involved in the birth of the child. Default judgment was entered based upon a stipulation entered into by the parties.

Two days after the decree was entered defendant Nancy Egan informed Gary Egan, now her ex-husband, that she had reason to believe he was not the father of the expected child. This was in the month of September and the child was born the next March which was his first opportunity to observe the child and was convinced that it was not his child. Thereafter Gary S. Egan brought an independent action pursuant to Rule 60(b), Utah Rules of Civil Procedure, for relief under the default judgment.

At a trial upon the merits and as a result of blood group examinations, the trial court admitted evidence which positively excluded Gary Stewart Egan from paternity. The question of paternity is not before this court and it is admitted that Gary Stewart

Egan, based upon the evidence, is not the biological father of the child. Based upon this evidence, the trial court granted partial relief from the prior judgment by relieving the plaintiff Gary S. Egan from further support of the child and deleting all reference to the child from the divorce decree. Defendant Nancy Lee Egan appeals from this judgment of partial relief.

The plaintiff Gary Egan cross-appeals the decision of the trial court in granting partial relief and requests that the matter be remanded for new trial on all economic portions of the judgment, and specifically to provide restitution by defendant Nancy Egan to Gary Egan of all monies expended by him for prior support, medical bills, and costs related to the determination of paternity.

Rule 60(b), Utah Rules of Civil Procedure, provides a method for relief from a judgment providing seven grounds for relief and further providing:

> The motion shall be made within a reasonable time and for reasons (1), (2), (3), or (4), not more than 3 months after the judgment, order, or proceeding was entered or taken.

The same rule further provides:

> This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order or proceeding or to set aside a judgment for fraud upon the court. The procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action.

This Court has spoken upon this subject before[1] wherein the defendant, by means of a motion fourteen and a half months after the divorce decree, sought to determine paternity based upon an affidavit wherein the plaintiff had informed him the child was not his. The trial court granted the motion to have blood tests administered. The decision granting the motion was reversed specifically on the grounds that the

matter was pursued by filing a motion rather than bringing an independent action. The court further citing *Shaw v. Pilcher*[2] which had previously stated motions attacking the judgment must be brought within the three month limitation period and any other attempts must be brought by an independent action. Justice Crockett concurred but on the grounds that the matter was res judicata—the issue of paternity having either been tried or was triable in the prior proceedings. Justice Ellett concurred, not on the matter of res judicata, but, because

> I would reverse this matter without prejudice to the raising of the issue of paternity in a separate suit in equity.

■ The instant matter was raised by a separate suit in equity which would appear to comply with the guidelines set in *McGavin v. McGavin* and *Shaw v. Pilcher*. The evidence upon which the trial court granted partial relief appears to be justifiable, where the evidence shows conclusively that the plaintiff was not the father of the child, in granting him the relief of affording financial support to a child that is not his. The pleading was, on the part of the plaintiff, that fraud existed by the defendant in not revealing prior to any judgment that, at least, the possibility existed that he was not the father; and, further, that time itself prevented him from obtaining any evidence until long after the three months period provided in the motion method of relieving oneself from a judgment expired because he could not receive nor obtain the evidence of paternity until after the child was born. The court found no fraud but found mistake of fact on the part of both parties or erroneous assumption as to who was the father.

This writer believes the court could well have found fraud did exist based upon the nine elements as set forth in *Pace v. Parrish*.[3] However, the writer also feels that mistake of fact may be grounds under an action in equity to grant relief as provided under Rule 60(b)(7) it states "any other

1. *McGavin v. McGavin*, 27 Utah 2d 200, 494 P.2d 283.

2. *Shaw v. Pilcher*, 9 Utah 2d 222, 341 P.2d 949.

3. *Pace v. Parrish*, 122 Utah 141, 247 P.2d 273.

reason justifying relief from the operation of a judgment." Further, the Supreme Court of this state has ruled erroneous assumptions may be grounds for entering a new order.[4]

The Court therefore feels that under the provisions of Rule 60(b), particularly Rule 60(b)(7), that this is sufficiently broad to permit trial court to take the action he did in granting partial relief from the prior judgment.

■ As to the question of the cross appeal wherein the plaintiff and cross appellant seeks to have the matter remanded back to the lower court for decision on all issues except that of the termination of the marriage, it appears that the trial court, in the first instance in granting partial relief in an equitable decision, based the decision on the future obligations of the plaintiff wherein he should be relieved and granted no alteration to the prior judgment wherein the plaintiff would receive restitution back by reason of that judgment. This would appear to be well within the equitable discretion of the trial court and should not be disturbed. The decision of the trial court in this case is affirmed.

ELLETT, MAUGHAN and WILKINS, JJ., concur.

CROCKETT, Justice (dissenting, concurring in part).

I dissent from the holding which allows the plaintiff, many months after the findings and judgment had been entered in the divorce action, to attack it on the grounds shown. The person whose welfare and happiness throughout his whole lifetime will be most affected is the child, who it now appears is practically defenseless in this proceeding. The question of his paternity was an issue which was triable and was tried and determined in the divorce proceeding. It should be res judicata. See *Wheadon v. Pearson*, 14 Utah 2d 45, 376 P.2d 946, and authorities cited therein.

In matters involving the welfare of little children, their welfare should be the paramount consideration, see *Walton v. Coffman*, 110 Utah 1, 169 P.2d 97; and should take precedence over the interests and contentions of quarreling adults. There ought to be some better way of serving that welfare than imposing such a burden upon an innocent and unoffending little child as a sacrifice to their selfish desires and disputations. I can set forth my views in such a matter no better than I have done in my concurring opinion in the cited case of *McGavin v. McGavin*; see footnote 1, main opinion, to which I refer. To echo Justice Henriod in that case: one wonders if the term commonly applied to the thus illegitimitized child, should perhaps more aptly be applied to the warring adults, see 494 P.2d 284.

As to the other aspects of the decision, I concur.

HENRIOD, C. J., does not participate herein.

---

**4.** *Stewart v. Sullivan*, 29 Utah 2d 156, 506 P.2d 74; *Ney v. Harrison*, 5 Utah 2d 217, 299 P.2d 1114; *Dixon v. Dixon*, 121 Utah 259, 240 P.2d 1211.