2011 UT App 132

STATE of Utah, in the interest of R.D., A.C., A.C., and R.C., persons under eighteen years of age.

J.R.C., Appellant,

v.

State of Utah, Appellee.

No. 20110149–CA.

Court of Appeals of Utah.

April 28, 2011.

Sheleigh A. Harding, Salt Lake City, for Appellant.

Mark Shurtleff and John M. Peterson, Salt Lake City, for Appellee.

Martha Pierce, Salt Lake City, Guardian Ad Litem.

Before Judges ORME, ROTH, and CHRISTIANSEN.

DECISION

PER CURIAM:

¶1 J.R.C. (Mother) appeals the termination of her parental rights. We affirm.

¶2 Mother asserts that there was insufficient evidence to terminate her parental rights. A juvenile court may terminate parental rights if the court finds that a parent has either abandoned a child, neglected a child, or is an unfit or incompetent parent. See Utah Code Ann. § 78A–6–507(1) (2008). Under section 78A–6–507(1), a finding of any

of these grounds is alone sufficient to warrant the termination of parental rights. *See id.* § 78A–6–507(1). The juvenile court is in the best position to weigh conflicting testimony, to assess credibility, and from such determinations, to render findings of fact. *See In re L.M.,* 2001 UT App 314, ¶¶ 10–12, 37 P.3d 1188. A juvenile court's findings will not be overturned unless they are clearly erroneous. *See In re A.G.,* 2001 UT App 87, ¶ 7, 27 P.3d 562. A finding is clearly erroneous only when, in light of the evidence supporting the finding, it is against the clear weight of the evidence. *See id.*

▮ ¶ 3 Mother asserts that there was insufficient evidence to support the juvenile court's determination that Mother had abandoned her children. In determining whether a parent has abandoned a child, it is prima facie evidence of abandonment that the parent "failed to have shown the normal interest of a natural parent, without just cause." Utah Code Ann. § 78A–6–508(1)(c). The record demonstrates that Mother failed to visit her children for months at a time because she felt that it was too hard to visit them. The juvenile court determined that Mother failed to show the normal interest of a natural parent without just cause. Thus, Mother was required to rebut the prima facie case of abandonment. *See id.* Mother failed to do so. The juvenile court's determination that Mother abandoned her children is not against the clear weight of the evidence. Thus, we cannot say that the juvenile court erred by finding that Mother abandoned her children. Because the record supports the juvenile court's determination that Mother abandoned her children, this court need not address Mother's challenges to the alternative bases for the juvenile court's decision because a finding of abandonment is sufficient to support the termination of parental rights. *See id.* § 78A–6–507(1).

▮ ¶ 4 Mother next asserts that there was insufficient evidence to support the juvenile court's determination that it was in the children's best interests to terminate Mother's parental rights. If there are sufficient grounds to terminate parental rights, in order to actually do so, "the court must [next] find that the best interests and welfare of the child are served by terminating the parents' parental rights." *In re R.A.J.,* 1999 UT App 329, ¶ 7, 991 P.2d 1118. The determination of whether the termination of parental rights is in the best interests of the child is reviewed for an abuse of discretion. *See In re A.G.,* 2001 UT App 87, ¶ 7, 27 P.3d 562. A juvenile court's findings of fact will not be overturned unless they are clearly erroneous. *See id.*

¶ 5 The juvenile court determined that Mother failed to avail herself of services or remedy the circumstances that caused the children to be removed from her custody. Mother repeatedly failed to provide proper parental care. The juvenile court also found that Mother was unemployed, did not have stable housing, and was being taken into custody on outstanding warrants. Mother did not undertake drug treatment or individual therapy because she claimed to have "a lot" going on. Mother failed to follow her counsel's recommendations when Mother was advised what she would need to do in order to prevent the termination of her parental rights. Mother has a history of drug use, and despite her need to obtain drug treatment, she claims that she does not need drug treatment. The juvenile court concluded that Mother had substantially neglected her children, willfully refused, or had been unable or unwilling to remedy the circumstances that caused her children to be in an out-of-home placement. The juvenile court also concluded that given Mother's behavior, there was a substantial likelihood that Mother would not be capable or exercising proper and effective parental care in the future.

¶ 6 The juvenile court also determined that the children are living in a therapeutic foster home where they are receiving the structure and stability that they need. The children's behavior is improving and their educational, emotional, and medical needs are being met. The juvenile court also found that the Division of Child and Family Services is working on finding the children an adoptive home with parents willing to protect the children from abuse and neglect. Thus, the juvenile court found that it was in the children's best interests for Mother's parental rights to be terminated so that the children could be

adopted. The juvenile court's determination that it is in the children's best interests to terminate Mother's parental rights is not against the clear weight of the evidence.[1]

¶ 7 Accordingly, the juvenile court's order terminating Mother's parental rights is affirmed.

---

1. Mother also asserts that she should have had additional time to complete a service plan. However, a parent is not entitled to reunification services for any specified period, and a court may terminate reunification services at any time. *See* Utah Code Ann. § 78A–6–314(7) (2008).