257 P.3d 1045 (2011)
2011 UT App 175
In the interest of C.K.F., a person under eighteen years of age.
M.H. and K.H., Petitioners and Appellees,
v.
K.F., Respondent and Appellant.
No. 20110238-CA.
Court of Appeals of Utah.
June 3, 2011.
Terry R. Spencer, Sandy, for Appellant.
McKette H. Allred, Castle Dale, for Appellees.
Before Judges DAVIS, ORME, and ROTH.

DECISION
PER CURIAM:
¶ 1 K.F. (Father) appeals the termination of his parental rights in C.K.F. (Child). We affirm.
*1046 ¶ 2 A juvenile court may terminate parental rights if the court finds that a parent has either abandoned a child, neglected a child, or is an unfit or incompetent parent. See Utah Code Ann. § 78A-6-507(1) (2008). Pursuant to section 78A-6-507(1), a finding of any of these grounds is alone sufficient to warrant the termination of parental rights. See id. § 78A-6-507(1). The juvenile court is in the best position to weigh conflicting testimony, to assess credibility, and from such determinations, render findings of fact. See In re L.M., 2001 UT App 314, ¶¶ 10-12, 37 P.3d 1188. A juvenile court's findings will not be overturned unless they are clearly erroneous. See In re A.G., 2001 UT App 87, ¶ 7, 27 P.3d 562. A finding is clearly erroneous only when, in light of the evidence supporting the finding, it is against the clear weight of the evidence. See id.
¶ 3 Father asserts that there was insufficient evidence to support the juvenile court's determination that Father abandoned Child. In examining whether a parent has abandoned a child, it is prima facie evidence of abandonment that the parent "failed to communicate with the child by mail, telephone, or otherwise for six months." Utah Code Ann. § 78A-6-508(1)(b). The record demonstrates that Father failed to contact Child for more than a six-month period. Father's last contact with Child was in the Fall of 2008. Thus, Father was required to rebut the prima facie case of abandonment. See id.
¶ 4 Father asserts that a March 2, 2010 protective order thwarted his ability to contact Child. The record indicates that in February of 2007, Father was ordered to refrain from abusing or harassing his children. However, there were no restrictions in the order pertaining to contact or visitation. In March of 2008, the order was modified to specify that visitation must be arranged through Child's grandmother. Finally, on March 2, 2010, in addition to the terms of the prior protective order, Father was ordered to refrain from visiting mother's residence, and refrain from calling mother between 10:00 p.m. and 7:00 a.m. Father also asserts that an unidentified police officer informed him that his brother should coordinate visitation with Child. Father testified that he had his brother repeatedly attempt to arrange visitation through grandmother, but that she did not respond.
¶ 5 The juvenile court determined that the protective order did not prevent Father from contacting or visiting Child. Rather, the order required Father to arrange visitation through grandmother, avoid mother's residence, and refrain from contacting mother between 10:00 p.m. and 7:00 a.m. The juvenile court also determined that Father's and his brother's testimony regarding attempts to contact Child were less credible than the conflicting testimony offered by grandmother. Because the juvenile court is in the best position to assess a witness's credibility, and from such determinations render findings of fact, we shall only disturb the juvenile court's determinations if they are against the clear weight of the evidence. See In re L.M., 2001 UT App 314, ¶¶ 10-12, 37 P.3d 1188. The juvenile court's findings are not against the clear weight of the evidence. Father fails to demonstrate that the juvenile court erred by determining that Father abandoned Child.
¶ 6 Accordingly, the juvenile court's order terminating Father's parental rights is affirmed.