262 P.3d 436 (2011)
2011 UT App 225
STATE in the interest of T.R., a person under eighteen years of age.
J.R., Appellant,
v.
State of Utah, Appellee.
No. 20110460-CA.
Court of Appeals of Utah.
July 14, 2011.
Brian L. Hart, Salt Lake City, for Appellant.
Mark L. Shurtleff and John M. Peterson, Salt Lake City, for Appellee.
Martha Pierce, Salt Lake City, Guardian Ad Litem.
Before Judges DAVIS, McHUGH, and ROTH.

*437 DECISION
PER CURIAM:
¶ 1 J.R. (Mother) appeals from the termination of her parental rights in T.R. after voluntarily relinquishing her rights in open court. She asserts now that her decision was wrong, and she desires to have T.R. because the family adoption did not come to fruition. We affirm.
¶ 2 When a parent relinquishes her parental rights under Utah Code section 78A-6-514, the relinquishment is effective immediately upon signing and is irrevocable. See Utah Code Ann. § 78A-6-514(4) (2008). The court accepting the relinquishment must certify to the best of its information and belief that the parent executing the relinquishment has read and understood the relinquishment and has signed it freely and voluntarily. See id. § 78A-6-514(3). Here, the juvenile court's termination order certified that Mother understood the relinquishment and voluntarily signed it. These findings will not be overturned "unless they are clearly erroneous, meaning that they are against the clear weight of the evidence." In re A.G., 2001 UT App 87, ¶ 4, 27 P.3d 562.
¶ 3 Mother affirmed at the relinquishment hearing that she understood that the relinquishment was immediate and irrevocable. She affirmed that she had discussed the matter with counsel and had the opportunity to ask questions. And, in particular, Mother affirmed that she understood that she would have no input into the placement of T.R. even if the current kinship placement failed. Mother's counsel asked whether Mother understood that she would "have no say regarding his adoption or any other actions about him?" Mother indicated that she understood. The juvenile court emphasized this point to Mother as well. The court noted that the intention was to have the kinship placement adopt T.R., but told Mother that "we can't guarantee that. Something could happen . . . . So, you can't condition this [relinquishment] on a guarantee that the [kinship] family will be the adopting family." Mother again indicated that she understood.
¶ 4 Given that the juvenile court emphasized that there was no guarantee regarding T.R.'s adoptive placement, the juvenile court's finding that Mother voluntarily relinquished her parental rights is supported by the clear weight of the evidence before the court. Mother understood at the time that her relinquishment was both immediate and final, and that there was a chance that the kinship placement would not be the ultimate adoptive family. Mother's later change of mind does not affect the relinquishment of her rights and is not a legitimate ground to assert juvenile court error. See Utah Code Ann. § 78A-6-514(4).
¶ 5 Affirmed.