2011 UT App 263

STATE of Utah, in the interest of J.C.R.,
J.D.R., and K.R., persons under
eighteen years of age.

J.R., Appellant,

v.

State of Utah, Appellee.

No. 20110298–CA.

Court of Appeals of Utah.

Aug. 11, 2011.

Joseph Lee Nemelka, Salt Lake City, for
Appellant.

Mark L. Shurtleff and John M. Peterson,
Salt Lake City, for Appellee.

Kelly J. Ryan, Salt Lake City, Guardian
Ad Litem.

Before Judges DAVIS, McHUGH, and
CHRISTIANSEN.

### DECISION

PER CURIAM:

¶ 1 J.R. (Father) appeals the termination
of his parental rights after he voluntarily
relinquished his parental rights in open
court. We affirm.

¶ 2 When a parent relinquishes his or her
parental rights under Utah Code section
78A–6–514, the relinquishment is effective
immediately upon signing, and the relin-
quishment is irrevocable. *See* Utah Code
Ann. § 78A–6–514(4) (2008). The court ac-
cepting the relinquishment must certify that
the parent executing the relinquishment has
read and understood the relinquishment and
has signed it freely and voluntarily. *See id.*
§ 78A–6–514(3). Here, the juvenile court
verified that Father understood the relin-
quishment and that he was freely and volun-
tarily relinquishing his parental rights. The
juvenile court's determination that Father
voluntarily relinquished his parental rights
will not be overturned unless the decision
was clearly erroneous, meaning that the deci-
sion was against the clear weight of the
evidence. *In re A.G.*, 2001 UT App 87, ¶ 4,
27 P.3d 562.

¶ 3 On March 25, 2011, Father confirmed
that he wished to voluntarily relinquish his
parental rights to his children, and acknowl-
edged that he would have no further rights
regarding the children's future care, custody,
visitation, or adoption. Father affirmed that
he was freely and voluntarily relinquishing
his parental rights, and acknowledged that
he had not been induced, or coerced, to relin-
quish his parental rights. Father also admit-
ted that it was in the children's best interests
to terminate his parental rights.

¶ 4 The juvenile court's determination that
Father voluntarily relinquished his parental
rights is supported by the clear weight of the
evidence. Because the juvenile court's find-
ings are supported by the clear weight of the
evidence, this court is required to affirm the
juvenile court's order terminating Father's
parental rights. *See In re A.G.*, 2001 UT
App 87, ¶ 4, 27 P.3d 562.

¶ 5 Accordingly, the juvenile court's order
terminating Father's parental rights is af-
firmed.