2011 UT App 326

**STATE of Utah, in the interest of C.S.N.N., a person under eighteen years of age.**

**G.E.N., Appellant,**

v.

**State of Utah, Appellee.**

No. 20110579–CA.

Court of Appeals of Utah.

Sept. 29, 2011.

Neil Skousen, Orem, for Appellant.

Mark L. Shurtleff and John M. Peterson, Salt Lake City, for Appellee.

Martha Pierce, Salt Lake City, Guardian Ad Litem.

Before Judges ORME, THORNE, and CHRISTIANSEN.

## DECISION

PER CURIAM:

¶ 1 G.E.N. (Father) appeals the termination of his parental rights after he voluntarily relinquished his parental rights in open court. We affirm.

¶ 2 When a parent voluntarily relinquishes his or her parental rights under Utah Code section 78A–6–514, the relinquishment is effective immediately upon signing, and the relinquishment is irrevocable. *See* Utah Code Ann. § 78A–6–514(4) (2008). The court accepting the relinquishment must certify to the best of its information and belief that the parent executing the relinquishment has read and understood the relinquishment and has signed it freely and voluntarily. *See id.* § 78A–6–514(3). The juvenile court's determination that a parent voluntarily relinquished his or her parental rights will not be overturned unless the decision was clearly erroneous, meaning that the decision was against the clear weight of the evidence. *See In re A.G.,* 2001 UT App 87, ¶ 4, 27 P.3d 562.

¶ 3 Father asserts that the relinquishment colloquy was insufficient to determine that he "freely and voluntarily" relinquished his parental rights and that Father understood the consequences of relinquishing his parental rights. During the relinquishment hearing, Father requested that the juvenile court refrain from using the words "freely" and "surrender" in the order accepting Father's voluntary relinquishment of his parental rights.[1]

---

1. Father objected to the use of such words for personal reasons.

¶ 4 Father objected to the use of the word "freely," and he suggested that the juvenile court simply refer to his decision to relinquish his parental rights as having been done voluntarily and without undue influence or duress. Father explained that he understood the word "voluntarily" as being synonymous with "freely." Because Father indicated that he understood that "voluntarily covers freely," the juvenile court accommodated Father's request to refrain from utilizing the word "freely." Father also objected to the word "surrendering." Father requested that the juvenile court replace the word "surrendering" with "relinquishing." Once the juvenile court complied with Father's requested word substitutions, Father confirmed that he understood that he was "relinquishing" his parental rights "willingly and voluntarily."

¶ 5 The record demonstrates that Father acknowledged that he voluntarily signed the relinquishment, and that he verified that he had not been induced or coerced to relinquish his parental rights. Father also acknowledged that it was in the Child's best interests to terminate his parental rights.

¶ 6 The juvenile court's finding that Father voluntarily relinquished his parental rights is supported by the clear weight of the evidence. Because the juvenile court's findings are supported by the clear weight of the evidence, we cannot say that the juvenile court erred by terminating Father's parental rights. *See In re A.G.*, 2001 UT App 87, ¶ 4, 27 P.3d 562. Accordingly, the juvenile court's order terminating Father's parental rights is affirmed.