2011 UT App 363

STATE of Utah, in the interest of E.E.P., T.J.P., and K.P., persons under eighteen years of age.

C.P., Appellant,

v.

State of Utah, Appellee.

No. 20110689–CA.

Court of Appeals of Utah.

Oct. 27, 2011.

J. Michael Rawson, St. George, for Appellant.

Mark L. Shurtleff and John M. Peterson, Salt Lake City, for Appellee.

Martha Pierce, Salt Lake City, Guardian Ad Litem.

Before Judges ORME, THORNE, and VOROS.

DECISION

PER CURIAM:

¶1 C.P. (Father) appeals the termination of his parental rights after he voluntarily relinquished his parental rights in open court. We affirm.

¶2 When a parent relinquishes his or her parental rights under Utah Code section 78A–6–514, the relinquishment is effective immediately upon signing, and the relinquishment is not ordinarily revocable. *See* Utah Code Ann. § 78A–6–514(4) (2008). The court accepting the relinquishment must certify to the best of its information and belief that the parent executing the relinquishment has read and understood the relinquishment and has signed it freely and voluntarily. *See id.* § 78A–6–514(3). The juvenile court's determination that a parent voluntarily relin-

quished his or her parental rights will not be overturned unless the decision was clearly erroneous, meaning that the decision was against the clear weight of the evidence. *In re A.G.*, 2001 UT App 87, ¶ 4, 27 P.3d 562.

¶ 3 Father asserts that the relinquishment colloquy was insufficient for the court to ascertain whether he was acting under duress. However, during the relinquishment hearing, Father was specifically questioned as to whether any person, substance, or promise had influenced his decision to voluntarily relinquish his parental rights. Father confirmed that he was freely and voluntarily relinquishing his parental rights. Father also asserts that the colloquy seemed rushed.[1] However, the record demonstrates that the colloquy was sufficient for the juvenile court to ascertain that Father understood the relinquishment, and that he freely and voluntarily relinquished his parental rights. The juvenile court's finding that Father voluntarily relinquished his parental rights is supported by the clear weight of the evidence.

¶ 4 Father next asserts that there was insufficient evidence that he agreed that relinquishment was in his children's best interests. The juvenile court was not required to determine that Father believed that relinquishment was in his children's best interests. *See* Utah Code Ann. § 78A–6–514(5). Rather, "[the juvenile] court need only find that the relinquishment or termination is in the child's best interest," which it did in this case. The juvenile court's findings are supported by the clear weight of the evidence. Thus, this court is required to affirm the juvenile court's order terminating Father's parental rights. *See In re A.G.*, 2001 UT App 87, ¶ 4, 27 P.3d 562.

¶ 5 Affirmed.

---

1. Father concedes that parents who relinquish their parental rights are not afforded the same protections as a criminal defendant. *See In re A.G.*, 2001 UT App 87, ¶ 3, 27 P.3d 562.