2011 UT App 394

STATE of Utah, in the interest of
K.S. and J.S., persons under
eighteen years of age.

M.C., Appellant,

v.

State of Utah, Appellee.

No. 20110693–CA.

Court of Appeals of Utah.

Nov. 17, 2011.

Richard K. Clark, Salt Lake City, for Appellant.

Mark L. Shurtleff and John M. Peterson, Salt Lake City, for Appellee.

Martha Pierce, Salt Lake City, Guardian ad Litem.

Before Judges ORME, VOROS, and ROTH.

### DECISION

PER CURIAM:

¶ 1 M.C. (Mother) appeals the termination of her parental rights. Mother asserts that there was insufficient evidence to support (1) any ground for termination, (2) the juvenile court's determination that the Division of Child and Family Services (DCFS) made reasonable efforts to reunify Mother with the children, and (3) the juvenile court's determination that it was in the best interests of the children to terminate Mother's parental rights.

¶ 2 "[I]n order to overturn the juvenile court's decision [to terminate a person's parental rights] 'the result must be against the clear weight of the evidence or leave the appellate court with a firm and definite conviction that a mistake has been made.'" *In re B.R.*, 2007 UT 82, ¶ 12, 171 P.3d 435 (citation omitted). In so doing, we "review the juvenile court's factual findings based upon the clearly erroneous standard." *In re E.R.*, 2001 UT App 66, ¶ 11, 21 P.3d 680. A finding of fact is clearly erroneous only when, in light of the evidence supporting the finding, it is against the clear weight of the evidence. *See id.* Further, we give the juvenile court a "'wide latitude of discretion as to the judgments arrived at' based upon not only the court's opportunity to judge credibility first-hand, but also based on the juvenile court

judges' 'special training, experience and interest in this field.'" *Id.* (citations omitted). Finally, "[w]hen a foundation for the court's decision exists in the evidence, an appellate court may not engage in a reweighing of the evidence." *In re B.R.*, 2007 UT 82, ¶ 12, 171 P.3d 435.

¶ 3 The juvenile court determined that there were multiple grounds that supported terminating Mother's parental rights, including neglect, unfitness, and failure of parental adjustment. *See* Utah Code Ann. § 78A–6–507(1)(b), (c), (e) (2008). The juvenile court "may terminate all parental rights with respect to a parent if the court finds any one of" the grounds enumerated in Utah Code section 78A–6–507. *See id.* § 78A–6–507(1). Accordingly, we need only determine that the evidence was sufficient to support one of the grounds for termination. *See In re D.B.*, 2002 UT App 314, ¶ 13 n. 4, 57 P.3d 1102. Here there was sufficient evidence to support the juvenile court's determination that Mother was unfit.

¶ 4 Mother has an extensive history with DCFS, much of it associated with her inability to control her drug use. Prior to giving birth to the children, K.S. and J.S., Mother had three other children. Mother's parental rights to two of those children were terminated and another was voluntarily placed in a kinship adoption.

¶ 5 K.S. was first removed from Mother's custody in 2007 based upon Mother's drug use. J.S. was removed in 2008 shortly after her birth. The children were eventually returned to her custody; however, Mother's drug use continued. In May of 2010, Mother was charged with driving while intoxicated based upon her use of methamphetamine. In February of 2011, the children were removed a second time after DCFS received a call from law enforcement personnel indicating that they believed that Mother was "high." Mother later admitted that she had relapsed. A service plan meant to reunify Mother with her children was created and approved by the juvenile court on April 12, 2011. Two days later, law enforcement personnel found Mother and the children walking down the middle of a street at

3:00 a.m. Mother was impaired at the time and later admitted that she had recently used methamphetamine. The children were in pajamas but had no shoes or socks on at the time. Approximately one month later the juvenile court terminated reunification services. The evidence at trial indicated that Mother failed to seek treatment for her addiction as required by the service plan. Under the totality of circumstances, there is sufficient evidence to support the juvenile court's determination that Mother was unfit, especially due to Mother's habitual drug use that rendered her unable to appropriately care for her children.

¶ 6 Similarly, the evidence supports the juvenile court's determination that DCFS made reasonable efforts to reunify Mother with her children. "Reasonable efforts" has been defined as "a fair and serious attempt to reunify a parent with a child prior to seeking to terminate parental rights." *In re A.C.*, 2004 UT App 255, ¶ 14, 97 P.3d 706. However, reasonableness is an objective standard that "depends upon a careful consideration of the facts of each individual case." *In re K.F.*, 2009 UT 4, ¶ 51, 201 P.3d 985; *see also In re A.C.*, 2004 UT App 255, ¶ 20, 97 P.3d 706 (concluding that the juvenile court has broad discretion in determining whether DCFS made reasonable efforts to reunify a child with her parent and that reversal is appropriate only upon a demonstration that the juvenile court's determination was clearly in error).

¶ 7 Mother had been provided with reunification services on at least two occasions prior to the removal that led to the termination of Mother's parental rights. Further, in the present case, the juvenile court initiated a service plan to aid Mother in reunifying Mother with her children. However, almost immediately after the adoption of the plan, Mother was found with her children wandering the streets in the middle of the night while she was high on methamphetamine. Further, she did not begin the required drug treatment program, nor did she regularly appear for her drug tests. Ultimately, despite being offered meaningful assistance several times over the years, it does not appear that any such plan or services ever altered Mother's attitudes and behavior. *See In re C.Y.*, 765 P.2d 251, 255 (Utah Ct.App. 1988) ("It is not sufficient to merely go through the motions of a treatment plan. The plan is developed to change attitudes and behavior."). Accordingly, because Mother did not comply with the plan and never internalized the assistance she received over the years, the evidence supports the juvenile court's determination that DCFS made reasonable efforts to reunify Mother with her children.

¶ 8 Finally, Mother asserts that there was insufficient evidence to support the juvenile court's determination that it was in the children's best interests to terminate her parental rights. We review a juvenile court's determination that termination of parental rights is in a child's best interests under an abuse of discretion standard. *See In re A.G.*, 2001 UT App 87, ¶ 7, 27 P.3d 562. As set forth above, Mother has had a long term drug addiction that previously led to Mother losing her parental rights to two other children and voluntarily allowing another to be adopted by a family member. Mother's recent relapse demonstrates that she has not yet learned to deal with her addiction. Further, because of this addiction, the juvenile court found that Mother is unable to provide the stability and protection that her children need. Mother has not challenged this finding. Meanwhile, the children are in a "legal risk" home and have bonded with their foster parents. The foster parents have indicated that they wish to adopt the children. Evidence also demonstrates that the children are doing well in their new environment and have had improved behavior since being in the foster family's home. Accordingly, the juvenile court's decision is supported by the evidence.

¶ 9 Affirmed.