2014 UT App 24

**STATE of Utah, in the interest of C.G., a Person Under Eighteen Years of Age.**

**D.G., Appellant,**

v.

**State of Utah, Appellee.**

**No. 20130968–CA.**

Court of Appeals of Utah.

Jan. 30, 2014.

---

Jason B. Richards, Attorney for Appellant.

Sean D. Reyes and John M. Peterson, Salt Lake City, Attorneys for Appellee.

Martha Pierce, Salt Lake City, Guardian ad Litem.

Before JUDGES STEPHEN L. ROTH, MICHELE M. CHRISTIANSEN, and JOHN A. PEARCE.

Decision

PER CURIAM:

¶ 1 D.G. (Father) appeals the October 2, 2013 order terminating his parental rights after he voluntarily relinquished his parental rights in open court. We affirm.

¶ 2 When a parent voluntarily relinquishes his or her parental rights under Utah Code section 78A-6-514, the relinquishment is effective immediately upon signing, and the relinquishment is irrevocable. See Utah Code Ann. § 78A-6-514(4) (LexisNexis 2012). The court accepting the relinquishment must certify to the best of its information and belief that the parent executing the

relinquishment has read and understood the relinquishment and has signed it freely and voluntarily. See id. § 78A-6-514(3). The requirements and processes described in sections 78A-6-503 through 78A-6-510 do not apply to the voluntary relinquishment of parental rights, and the juvenile court need only find that the relinquishment is in the child's best interest. See id. § 78A-6-514(5). The juvenile court's determination that a parent voluntarily relinquished his or her parental rights will not be overturned unless the decision was clearly erroneous, meaning that the decision was against the clear weight of the evidence. See In re A.G., 2001 UT App 87, ¶ 4, 27 P.3d 562.

¶ 3 The record demonstrates that Father affirmed, in open court, that he desired to voluntarily relinquish his parental rights. Father testified that he had discussed the matter with counsel and that he understood that by signing the relinquishment, he would be relieved of all parental duties, obligations, rights, and responsibilities to C.G. Father confirmed that his decision to relinquish his parental rights was made both freely and voluntarily. Father also acknowledged that he understood that once he signed the relinquishment, he could not change his mind, and that the relinquishment of his parental rights was immediate and irrevocable.

¶ 4 As required by section 78A-6-514(5), the juvenile court found that the voluntary relinquishment was in C.G.'s best interest. See Utah Code Ann. § 78A-6-514(5). The record demonstrates that Father conceded that relinquishing his parental rights was in C.G.'s best interest. The juvenile court's determination that Father voluntarily relinquished his parental rights is supported by the clear weight of the evidence.

¶ 5 Accordingly, the juvenile court's order is affirmed.