**2015 UT App 219**

# THE UTAH COURT OF APPEALS

STATE OF UTAH, IN THE INTEREST OF R.M.,
A PERSON UNDER EIGHTEEN YEARS OF AGE.

W.M.,
Appellant,
*v.*
STATE OF UTAH,
Appellee.

Per Curiam Decision
No. 20150408-CA
Filed August 27, 2015

Third District Juvenile Court, Salt Lake Department
The Honorable C. Dane Nolan
No. 1097583

Colleen K. Coebergh, Attorney for Appellant

Sean D. Reyes and John M. Peterson, Attorneys
for Appellee

Martha Pierce, Guardian ad Litem

Before Judges JAMES Z. DAVIS, MICHELE M. CHRISTIANSEN, and
KATE A. TOOMEY.

PER CURIAM:

¶1      W.M. (Father) appeals the termination of his parental rights after he voluntarily relinquished his parental rights in open court. We affirm.

¶2      When a parent voluntarily relinquishes his or her parental rights under Utah Code section 78A-6-514, the relinquishment is effective immediately upon signing, and the relinquishment is irrevocable. *See* Utah Code Ann. § 78A-6-514(4) (LexisNexis (2008). The court accepting the relinquishment must certify to

the best of its information and belief that the parent executing the relinquishment has read and understood the relinquishment and has signed the relinquishment freely and voluntarily. *See id.* § 78A-6-514(3). The juvenile court's determination that a parent voluntarily relinquished his or her parental rights will not be overturned unless the decision was clearly erroneous, meaning that the decision was against the clear weight of the evidence. *See In re A.G.*, 2001 UT App 87, ¶ 4, 27 P.3d 562.

¶3 Father asserts that the juvenile court erred in determining that he voluntarily relinquished his parental rights. Specifically, he claims that he asked a question during the relinquishment proceeding that was not answered to his satisfaction. However, the record demonstrates that after the court addressed his question, Father indicated that he desired to go forward with the relinquishment proceeding, and that he freely and voluntarily relinquished his parental rights.

¶4 After indicating that he desired to go forward with the termination proceeding, Father testified that he fully understood the contents of the petition, that he had satisfactorily discussed his decision to relinquish his parental rights with counsel, and that counsel had satisfactorily answered all of his questions. Father also testified that he was not under the influence of any substances that affected his decision, and he verified that he had not been induced or coerced to relinquish his parental rights in any way. After answering his counsel's and the juvenile court's questions, Father reiterated that he was freely and voluntarily relinquishing his parental rights.

¶5 The juvenile court's finding that Father voluntarily relinquished his parental rights is supported by the clear weight of the evidence. Because the juvenile court's findings are supported by the clear weight of the evidence, we cannot say that the juvenile court erred by terminating Father's parental rights. *See In re A.G.*, 2001 UT App 87, ¶ 4. Accordingly, the juvenile court's order terminating Father's parental rights is affirmed.

_____