Michael P. Studebaker, Ogden, Attorney for Appellant.

Sarah Elizabeth Spencer, Tanner S. Lenart, Salt Lake City, Lyn Creswell, and Paul H. Roberts, Attorneys for Appellee.

Before Judges J. FREDERIC VOROS JR., STEPHEN L. ROTH, and JOHN A. PEARCE.

Decision

PER CURIAM:

¶ 1 Shane Kenneth Wilcock appeals the dismissal of his petition for post-conviction relief. We affirm.

¶ 2 Wilcock was charged with driving under the influence of alcohol or drugs and other offenses after a traffic stop initiated by Utah Highway Patrol Trooper Lisa Steed. In 2011, Wilcock pleaded no contest in the South Salt Lake City Justice Court to the charge of driving with a measurable amount of a controlled substance in his body, a class B misdemeanor. In 2013, Wilcock filed a Petition for Post–Conviction Relief seeking to have his no contest plea set aside. Wilcock argued that South Salt Lake City withheld material exculpatory evidence concerning professional misconduct by Trooper Steed. Wilcock also argued that evidence of Trooper Steed's misconduct was newly-discovered evidence that entitled him to relief under the Post–Conviction Remedies Act. The district court dismissed the petition, and Wilcock appeals.

¶ 3 This court recently resolved the same issues raised by Wilcock. *See Monson v.* *Salt Lake City*, 2015 UT App 136, 351 P.3d 821; *Magallanes v. South Salt Lake City*, 2015 UT App 154, 353 P.3d 621. In *Monson*, this court concluded that the evidence of Trooper Steed's misconduct was merely impeachment evidence and was not material exculpatory evidence. Accordingly, the city had no obligation to disclose the evidence prior to the no contest plea. *See Monson*, 2015 UT App 136, ¶¶ 10–11, 351 P.3d 821. Wilcock "has failed to demonstrate how the evidence of Trooper Steed's misconduct constitutes more than impeachment evidence or demonstrates [his] factual innocence." *See* *Magallanes*, 2015 UT App 154, ¶ 8, 353 P.3d 621. Similarly, Wilcock's claim that there was an insufficient factual basis for the traffic stop, even assuming it was not waived by his no contest plea, is also based only upon an allegation "that Trooper Steed [was] generally untruthful" and depends on the same impeachment evidence raised in his other claims for post-conviction relief. *See id.* *Monson* and *Magallanes* resolve all the issues raised in this appeal.

¶ 4 Affirmed.

■

2015 UT App 227

STATE of Utah, in the interest of E.C. and R.C., persons under eighteen years of age.

R.R., Appellant,

v.

State of Utah, Appellee.

No. 20150528–CA.

Court of Appeals of Utah.

Sept. 11, 2015.

Erik G. Jacobson, Provo, Attorney for Appellant.

Sean D. Reyes and John M. Peterson, Salt Lake City, Attorneys for Appellee.

Martha Pierce, Salt Lake City, Guardian ad Litem.

Before JUDGES JAMES Z. DAVIS, MICHELE M. CHRISTIANSEN, and KATE A. TOOMEY.

### Decision

PER CURIAM:

¶ 1 R.R. (Mother) appeals the termination of her parental rights after she voluntarily relinquished her parental rights in open court. We affirm.

¶ 2 When a parent voluntarily relinquishes his or her parental rights under Utah Code section 78A–6–514, the relinquishment is effective immediately upon signing, and the relinquishment is irrevocable. See Utah Code Ann. § 78A–6–514(4) (LexisNexis 2008). The court accepting the relinquishment must certify to the best of its informa-tion and belief that the parent executing the relinquishment has read and understood the relinquishment and has signed the relinquishment freely and voluntarily. *See id.* § 78A–6–514(3). The juvenile court's determination that a parent voluntarily relinquished his or her parental rights will not be overturned unless the decision was clearly erroneous, meaning that the decision was against the clear weight of the evidence. *See In re A.G.,* 2001 UT App 87, ¶ 4, 27 P.3d 562.

¶ 3 Mother asserts that the juvenile court erred in determining that she voluntarily relinquished her parental rights because she claims that she did not understand that the children might be moved from their placement following her relinquishment. However, the record demonstrates that Mother's decision to relinquish her children was voluntary. Mother testified that she fully understood the contents of the petition, and that she was freely and voluntarily relinquishing her parental rights. Mother also testified that she was not under the influence of any substances that affected her decision, and she verified that she had not been induced or coerced to relinquish her parental rights.

¶ 4 The record also demonstrates that Mother understood that the children might be moved from their placement following her relinquishment. Mother testified that she understood that the children remained in the care of the Division of Child and Family Services for adoption placement purposes, and that there was no guarantee that the children would remain in her cousin's custody after she relinquished her parental rights. Mother also testified that she felt that it was in the children's best interests to relinquish her parental rights so that the children could be adopted.

¶ 5 The juvenile court's finding that Mother voluntarily relinquished her parental rights is supported by the clear weight of the evidence. Because the juvenile court's findings are supported by the clear weight of the evidence, we cannot say that the juvenile court erred by terminating Mother's parental rights. *See In re A.G.,* 2001 UT App 87, ¶ 4, 27 P.3d 562. Accordingly, the juvenile court's

order terminating Mother's parental rights is affirmed.