**2015 UT App 227**

## THE UTAH COURT OF APPEALS

STATE OF UTAH, IN THE INTEREST OF E.C. AND R.C.,
PERSONS UNDER EIGHTEEN YEARS OF AGE.

R.R.,
Appellant,
*v.*
STATE OF UTAH,
Appellee.

Per Curiam Decision
No. 20150528-CA
Filed September 11, 2015

Fourth District Juvenile Court, Provo Department
The Honorable Brent H. Bartholomew
No. 1070100

Erik G. Jacobson, Attorney for Appellant

Sean D. Reyes and John M. Peterson, Attorneys
for Appellee

Martha Pierce, Guardian ad Litem

Before JUDGES JAMES Z. DAVIS, MICHELE M. CHRISTIANSEN, and
KATE A. TOOMEY.

PER CURIAM:

¶1     R.R. (Mother) appeals the termination of her parental rights after she voluntarily relinquished her parental rights in open court. We affirm.

¶2     When a parent voluntarily relinquishes his or her parental rights under Utah Code section 78A-6-514, the relinquishment is effective immediately upon signing, and the relinquishment is irrevocable. *See* Utah Code Ann. § 78A-6-514(4) (LexisNexis

2008). The court accepting the relinquishment must certify to the best of its information and belief that the parent executing the relinquishment has read and understood the relinquishment and has signed the relinquishment freely and voluntarily. *See id.* § 78A-6-514(3). The juvenile court's determination that a parent voluntarily relinquished his or her parental rights will not be overturned unless the decision was clearly erroneous, meaning that the decision was against the clear weight of the evidence. *See In re A.G.*, 2001 UT App 87, ¶ 4, 27 P.3d 562.

¶3 Mother asserts that the juvenile court erred in determining that she voluntarily relinquished her parental rights because she claims that she did not understand that the children might be moved from their placement following her relinquishment. However, the record demonstrates that Mother's decision to relinquish her children was voluntary. Mother testified that she fully understood the contents of the petition, and that she was freely and voluntarily relinquishing her parental rights. Mother also testified that she was not under the influence of any substances that affected her decision, and she verified that she had not been induced or coerced to relinquish her parental rights.

¶4 The record also demonstrates that Mother understood that the children might be moved from their placement following her relinquishment. Mother testified that she understood that the children remained in the care of the Division of Child and Family Services for adoption placement purposes, and that there was no guarantee that the children would remain in her cousin's custody after she relinquished her parental rights. Mother also testified that she felt that it was in the children's best interests to relinquish her parental rights so that the children could be adopted.

¶5 The juvenile court's finding that Mother voluntarily relinquished her parental rights is supported by the clear weight

of the evidence. Because the juvenile court's findings are supported by the clear weight of the evidence, we cannot say that the juvenile court erred by terminating Mother's parental rights. *See In re A.G.*, 2001 UT App 87, ¶ 4. Accordingly, the juvenile court's order terminating Mother's parental rights is affirmed.

———————